BIMEL SPOKE AND WHEEL COMPANY v. LOPER.

[No. 10,039. Filed November 1, 1917.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.*— *Right of Appeal.*—*Certification of Questions of Law.*—*Res Adjudicata.*—Where, in a proceeding for compensation under the Workmen's Compensation Act, Acts 1915 p. 392, the Industrial Board before rendering an award certified a question of law to the Appellate Court under §61 of the act, the court's answer to such question was primarily for the information and guidance of the board in any case before it and it did not adjudicate the case which gave rise to the question, since the proceedings relating to the certified question were not adversary in character and there were no issues in a technical sense, and the nature of such proceedings was not changed by the mere fact that a third person, who appeared as appellant's counsel in the subsequent appeal, was permitted to file a brief as an *amicus curae.* p. 484.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Appeals.*—*Assignments of Error.*—*Sufficiency.*—*Scope of Review.* —Section 61 of the Workmen's Compensation Act, Acts 1915 p. 392, as amended by the act of 1917 (Acts 1917 p. 154), providing that in appeals from awards of the Industrial Board an assignment that the award of the full board is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts, does not prevent the appellant from presenting other questions of law, nor from making separate assignments of error as to each of the two propositions which the act authorizes to be presented by one assignment. p. 485.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Appeals.*—*Assignments of Error.*—*Sufficiency.*—Under §61 of the Workmen's Compensation Act, Acts 1915 p. 392, as amended by the act of 1917 (Acts 1917 p. 154), governing appeals from awards by the Industrial Board, on an appeal from an award of compensation an assignment of error that the full board erred in overruling defendant's motion to set aside an award made by one member of the board and also the award made by the full board, and to thereupon hear the parties, their representatives and witnesses, is sufficient. p. 486.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.*— *Award by Less than Full Board.*—*Review.*—*Discretion of Board.*—Under §60 of the Workmen's Compensation Act, Acts

1915 p. 392, as amended by the act of 1917 (Acts 1917 p. 154), providing for a review of an award of part of the Industrial Board by the full board, which "shall review the evidence, or if deemed advisable, hear the parties at issue," it is discretionary with the board whether it will review the evidence from the transcript of the former hearing or conduct a new hearing, and the board's action in this respect will not be reviewed on appeal unless it clearly appears that there has been an abuse of discretion.  p. 486.

5.  MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeal.—Review.—Sufficiency of Evidence.—Inferences.*—Ultimate facts need not be proved by a particular kind of evidence, and an award of the Industrial Board is sustained by the evidence if there are facts in evidence from which the essential ultimate facts may reasonably be inferred, and the court on appeal will not disturb such finding, although inferences other than those drawn by the board might be reasonably warranted.  p. 487.

6.  MASTER AND SERVANT.—*Workmen's Compensation Act.—Award.—Review.—Evidence.—Sufficiency.*—In a proceeding for compensation under the Workmen's Compensation Act, Acts 1915 p. 392, for the death of a servant, evidence showing that while deceased was performing the duties of his employment, defendant's assistant superintendent, as an act of sport, turned the air from an air compressor upon him, causing deceased to quickly jerk and straighten his body, that immediately thereafter he became ill and died within two days, and that an autopsy disclosed that the intestines were diseased prior to the injury, but that the conditions found which caused death might have been the result of the accident to decedent, was sufficient to sustain a finding of the Industrial Board that the cause of death was injuries sustained by deceased as a result of having the compressed air turned upon him.  p. 487.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Ida M. Loper against the Bimel Spoke and Wheel Company.   From an award for applicant, the defendant appeals.   *Affirmed.*

*Horace F. Harvey, H. C. Austill* and *Joseph W. Hutchinson,* for appellant.

*Frank B. Jaqua* and *John F. LaFollette,* for appellee.

FELT, J.—This is an appeal from an award of the full board, allowing appellee, Ida M. Loper, compensation for the death of her husband under the Indiana Workmen's Compensation law. The first and second assigned errors are in substance the same, and allege that the award of the full Industrial Board of Indiana is contrary to law. The third is as follows: "The full board erred in overruling the motion of the defendant (appellant) to set aside the award made in the cause by Charles R. Hughes and also to set aside the award made by the Industrial Board on June 4, 1917, and to thereupon hear the parties at issue, their representatives and witnesses, said motion having been filed on the 30th day of June, 1917."

The finding of facts and the award from which this appeal was taken are as follows: "Be it remembered that pursuant to notice fixing the time and place therefor, this cause was called for review before the full board at its office in the state house on the 31st day of March, 1917, at three o'clock p. m., that the plaintiff appeared by John F. LaFollette, her attorney, and the defendant appeared by Horace F. Harvey, its attorney. And the full board having heard the argument of counsel, having reviewed the evidence and being duly advised in the premises, finds that on the 28th day of September, 1916, one James F. Loper was in the employment of the defendant as a drill press operator at an average weekly wage of $14.30; that on said date, while he was engaged in his work as a drill press operator, the assistant superintendent of the defendant, under whom the said James F. Loper worked, as an act of sport and horseplay upon his part, turned the air from an air compressor maintained at said time in the defendant's factory, upon the said James F. Loper in the region of the rectum; that the turning of said air upon the said

VOL. 65—31

James F. Loper at said time caused him to quickly jerk and straighten his body; that at the time the said James F. Loper was suffering from an abscess in the region of the gall bladder; that the turning of said air upon him aforesaid by the defendant's assistant superintendent, causing him to suddenly jerk and strain himself, ruptured said abscess and resulted in acute general peritonitis, which caused his death on the 30th day of September, 1916; that the defendant, by and through its assistant superintendent, had actual knowledge of the injury of the said James F. Loper at the time that it occurred; that the air compressor in the defendant's factory was used for the purpose of cleaning machinery, and long prior to the 28th day of September, 1916, the employees had established the custom of using the same to 'brush' their clothes, by which is meant that it was used to blow the dust and dirt off their clothing; that said employees had also formed the habit of using said compressor in acts of sport or horseplay by turning the air upon one another, which act is known among them as 'goosing'; that the said James F. Loper had frequently participated in such sport; that such conduct of the employees was carried on with the actual knowledge and acquiescence of the defendant's assistant superintendent; that he in fact actually participated therein and no objection whatever was ever made to such conduct upon the part of employees; that said air compressor had a pressure of about sixty pounds at the time that it was turned upon him, the said James F. Loper, by the defendant's assistant superintendent; that at the time said air was turned upon him, the said James F. Loper was not participating to any extent in the sport or horseplay of the defendant's assistant superintendent; that the said James F. Loper left surviving him as his sole and only dependents, the plaintiff, Ida M. Loper, his wife, Charles M. Loper, his son, 12 years of age, and

Loyd M. Loper, his son, 8 years of age; that at the time of his injury and death the same James F. Loper was living with his said wife and children as a family and they were at that time wholly dependent upon him for support; that the defendant did not furnish the said James F. Loper an attending physician for the treatment of his injury and has not paid his burial expenses or any part thereof.

"*Ruling of Law:* The question as to whether the death of James F. Loper arose out of his employment, was certified by the Industrial Board to the Appellate Court in case No. 9947. Said court, on the first day of June, 1917, held that his death arose out of his employment.

"Award: It is therefore ·considered and ordered by the full Industrial Board that the plaintiff be, and is hereby awarded against the defendant, three hundred weeks' compensation at the rate of seven dollars and seventy-one cents per week—beginning on the 30th day of September, 1916, and burial expenses not exceeding one hundred dollars. It is further ordered that the defendant pay the costs of this action, taxed at four dollars and forty-five cents.

"Dated this fourth day of June, 1917."

Appellee filed a verified answer to the assignment of errors, in which she set up the details of the hearing before a single member of the Industrial Board, the application for a review by the full board, and the fact that, while her claim was so pending, the full board certified to the Appellate Court the question of law upon the facts substantially as above stated as to the employment, the injury, the death and the dependents of the deceased, viz.: "Upon the foregoing facts, did the injury and death of the employe arise out of his employment, within the meaning of the Indiana Workmen's Compensation Act?" That on June 1, 1917, said court

answered the foregoing question in the affirmative in a written opinion by Caldwell, J.   *In re Loper* (1917), 64 Ind. App. 571, 116 N. E. p. 324.   That appellant by its counsel asked and was granted leave to appear and file briefs in said proceedings, and did file a brief on the question before the court; that by reason thereof all questions involved in this appeal were, or might have been, litigated and adjudicated, and appellant is bound thereby and should not be heard to again present any questions relating to the aforesaid award.

The facts above set out show that the award by the full board was not made until June 4, 1917, after the opinion of this court in answering the certified question aforesaid had been rendered on June 1, 1917.   Section 61 of the act (Acts 1915 p. 392) authorizes appeals to this court "for errors of law" and also provides that: "The board, of its own motion, may certify questions of law to said appellate court for its decision and determination."   This cause was not before the court by reason of the proceedings relating to the certified question of law.   The character of the proceedings was not changed by the fact that appellant's counsel was permitted to appear and file a brief, as an *amicus curae.*   Whatever view may be taken of the purpose and effect of the proceedings under the statute where the Industrial Board certifies questions of law to this court and such questions are answered by the court, we think it cannot be held that such proceeding is an adjudication of the case which gave rise to the question, for it readily appears that there are no adverse parties to such proceeding, no issues in a technical or legal sense, and consequently no parties or their privies to be bound by the principles and rules of former adjudication.

The board is the moving party in such instances and primarily, at least, the questions are answered for the

information and guidance of the board in any case before it where such question arises. The fact that this court permitted an attorney who now appears as counsel for the appellant to appear as an *amicus curae* in the proceedings relating to the certified question of law, and the further proposition that the concrete facts on which such question was propounded are in substance identical with the main facts involved in the subsequent appeal where there are adverse parties, are to be considered as merely incidental matters rather than facts that are controlling in this appeal or binding upon the parties under the rule of *res adjudicata.* Certainly the answer to the question under such circumstances would be influential and would be followed by the court in the actual case involving such facts, if presented, unless some good and sufficient reason appeared for doing otherwise, but this would not be done on the theory that the case had formerly been before the court and the questions now presented therein determined under the rule of former adjudication.

The act contemplates proceedings as free as possible from technicalities which may hinder the due administration of the law. The provision permitting the board to certify legal questions for decision by this court was not intended to serve the purpose of adjudicating particular cases, but as a means of expediting the business of the board, and giving the relief contemplated by the act with a minimum of legal procedure. *Union Sanitary Mfg. Co.* v. *Davis* (1916), 63 Ind. App. 548, 114 N. E. 872.

Appellee further contends that under the provisions of §61 of the Workmen's Compensation Act, *supra,* as amended by the act of 1917 (ch. 63, Acts 1917 p. 154), no question is presented by the third assignment of error. The amendment provides that an assignment that the award of the full board is

contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts, but such provision does not prevent the appealing party from presenting other errors of law under the statute if there be such in the proceedings before the full board, nor from making separate assignments of error as to each of the two propositions which the

3. statute authorizes to be presented by one assignment. As against the objection urged by appellee, we deem the third assignment of error sufficient. §696 Burns 1914, §654 R. S. 1881.

Section 60, as amended by the Acts of 1917, *supra*, provides for review of an award made by less than all the members of the full board, and further pro-

4. vides that the full board "shall review the evidence, or, if deemed advisable, hear the parties at issue, their representatives and witnesses as soon as practicable and shall make an award and file same, with a finding of the facts on which it is based, and the rulings of law by the full board if any, and send a copy thereof to each of the parties in dispute, in like manner as specified in the forgoing section." The evidence heard by Charles R. Hughes, a member of the Industrial Board, at the first hearing was taken down in shorthand, transcribed, and filed with the papers before the full board. Appellant by verified motion sought to show that the transcript was defective, incomplete, and inaccurate, and to have the same set aside, and the whole proceeding gone into before the full board, the witnesses called and the evidence reheard independently of the aforesaid transcript. The board overruled the motion, heard the parties by counsel and made its finding and award based on the transcript of the evidence. The statute gives the full board discretionary power to review the evidence in the manner adopted in this case,

or, "if deemed advisable," to proceed as appellant requested in this instance.

The transcript of the evidence was and is sufficient to present the substance of the material facts. The circumstance of the inaccuracies and alleged omissions are not different from many things incidental to trials and proceedings, on account of which parties after the hearing or trial feel dissatisfied and believe their case could have been placed in a more favorable light. The board exercised its discretion and this court will not review such action except in cases where it clearly appears that there has been abuse of the discretionary power lodged in such tribunal.

Under the first and second assignments of error appellant seeks to present the question that there is a total failure of evidence to show that the acci-

5. dent to the deceased described in the findings of the board was a proximate, contributing cause of his death, and contends that the undisputed evidence shows that he died from peritonitis. Ultimate facts need not be proved by any particular kind or class of evidence. If there are facts and circumstances proven in the case from which the essential ultimate facts may reasonably be inferred, and the court or board whose duty it is to pass upon such facts has drawn therefrom the essential ultimate facts, this court will not disturb such finding, though other and different facts might be inferred therefrom by other minds equally as fair and reasonable.

We deem it unnecessary to set out the evidence in detail. The deceased had complained of some abdominal trouble and had taken treatment therefor

6. shortly before the fatal accident, but had continued to work regularly. He was working when injured in the manner set forth by the Industrial Board, and there is no claim that he was at that time partici-

pating in the use of or sport with the air hose. His injury occurred on the evening of September 28, and he died on September 30, at 9:30 p. m. The testimony shows that immediately after the accident he suffered pain, became sick, was taken home, called a physician immediately, a consultation of physicians was held and an abdominal operation performed on September 29, the day after the accident. There was inflammation of the bowels and abdominal walls, pus and serum were found in the abdominal cavity and a diseased condition in the region of the gall bladder of a character which indicated the parts had been affected before the accident; that the conditions found would not likely have resulted from a sudden jerking or wrenching of the body if there had been no diseased condition prior to the day of the accident. One of the physicians testified that in his opinion the conditions found at the autopsy might have resulted from an accident which later caused his death; that the diseased condition of the intestines began before the accident occurred. The facts are sufficient to bring the case within the rules of law already declared by this court. *In re Bowers* (1917), *ante* 128, 116 N. E. 842.

There is evidence tending to support the finding of facts. The award is not contrary to law. The award of the full board is therefore affirmed, and five per cent. is added to the award by virtue of §3 of chapter 63 of the Acts of 1917, *supra*.

NOTE.—Reported in 117 N. E. 527. Workmen's compensation: review of findings of Industrial Board, L. R. A. 1916A 163, 266, 1917D 186, Ann. Cas. 1916B 475, 1918B 647.