CONSUMERS COMPANY *v.* CEISLIK.

[No. 10,476.   Filed February 11, 1919.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Award by One Member of Board.—Review by Full Board.—Additional Evidence.—Discretion of Board.*—Where, in a proceeding for compensation under the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918, an award by one member of the board is reviewed by the full board pursuant to §60 of the act, the admission of additional evidence is discretionary with the

# 334      APPELLATE COURT OF INDIANA,

board, and its action in that regard is not subject to review by the court on appeal, unless the record shows an abuse of discretion. p. 336.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Award by One Member of Board.—Review by Full Board.—Additional Evidence.—Discretion of Board.*—In a proceeding for compensation under the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918, where, on review pursuant to §60 of the act, by the full board of an award made by one member, the employer sought to submit new and additional evidence, but made no showing as to what such evidence would be, except an affidavit stating merely its conclusions in that respect, the Industrial Board did not abuse its discretion in refusing to permit the introduction of the additional evidence. p. 337.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Award. —Review.—Findings of Industrial Board.—Conclusiveness.*—The Industrial Board, like a court or jury, may draw reasonable inferences from the facts and circumstances in evidence, and a finding of the board stands upon the same footing as the finding of the trial court or the verdict of a jury, and when sustained by any competent evidence is conclusive on appeal. p. 338.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.—Review. —Findings of Industrial Board.—Evidence.*—Where every material fact found by the Industrial Board is sustained by some evidence, it is sufficient to sustain the finding of facts, notwithstanding that some of the evidence was strongly conflicting, since the court on appeal cannot weigh evidence to determine its preponderance. p. 339.

5. MASTER AND SERVANT.—*Workmen's Compensation Act.—Review. —Findings.—Admission of Incompetent Evidence.*—The mere fact that incompetent evidence is heard in a proceeding for an award under the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918, is not cause for reversal, where there is some competent evidence tending to establish every material fact found by the Industrial Board. p. 339.

6. MASTER AND SERVANT.—*Workmen's Compensation Act.—Injuries Arising Out of and in Course of Employment.*—In a proceeding for compensation under the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918, where it appeared that the injured servant, a teamster, upon discovering that no chute with which to unload coal had been placed upon his wagon, went to a nearby saloon and telephoned a request to the master's office that a chute be sent to him, and was struck by a passing automobile while mounting his wagon after he returned, the injury was sustained in an accident arising out of and in the course of the employment within the meaning of the act. p. 339.

7. MASTER AND SERVANT.—*Workmen's Compensation.—Award.— Grounds for Reversal.—*The fact that the Industrial Board awarded an injured servant compensation for a maximum period of 500 weeks, instead of 300 weeks, as asked by applicant, does not afford ground for reversal, where the duration of the award was limited as the law provides, and the employer has not shown that its rights were in any way prejudiced. p. 340.

8. MASTER AND SERVANT.—*Workmen's Compensation Act.—Award. —Grounds for Reversal.—*Where, in a proceeding for compensation under the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918, the exact degree of impairment to applicant's eye was not shown by the evidence, the fact that the Industrial Board left the degree of permanent impairment of vision open for future consideration is not cause for reversal of an award for other injuries, since the master could not be required to pay any compensation for the injured eye without a further hearing. p. 341.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Joe Ceislik against the Consumers Company. From an award for applicant, the defendant appeals. *Affirmed.*

*McKinley, Hansen & Schmauch,* for appellant.
*McMahon & Conroy,* for appellee.

BATMAN, P. J.—Appellee filed his claim before the Industrial Board, alleging that on April 13, 1918, he received personal injuries by reason of an accident arising out of and in the course of his employment by appellant, and asking for an adjustment of his compensation under the Workmen's Compensation Act. Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918. The claim was heard before a single member of the board, who made a finding and an award in favor of appellee. Appellant, in due time, filed its application for a review of said award. Prior to the hearing on review appellant requested leave to

submit new and additional evidence on such hearing, and supported his request by the affidavit of its assistant secretary. This request was denied, and the full board thereafter reviewed the evidence introduced at the original hearing, and, having heard the argument of counsel, made a finding of facts on which the full board made the following award: "It is therefore considered and ordered that the plaintiff be and he is hereby awarded compensation at the rate of $10.40 per week on account of his disability to work for the injuries received other than to his right eye, beginning on the 28th day of April, 1918, and to continue so long as the plaintiff's injuries, other than the injury to the right eye, wholly disables him for work, not exceeding five hundred weeks and providing that the total compensation shall in no event exceed $5,000.00. It is further ordered that the question as to the degree of permanent impairment, if any, of the vision of the plaintiff's right eye, be and the same is hereby ordered left open for future consideration. It is further ordered that the defendant pay the cost of the proceedings."

From this award appellant has appealed and has assigned errors which require a consideration of the questions hereinafter determined.

Appellant contends that denial of its request for leave to submit additional evidence on review of the original award was an abuse of discretion on the part of the board. Section 58 of the Workmen's Compensation Act, *supra,* provides for filing an application before the Industrial Board for a hearing where the parties fail to reach an agreement in regard to compensation. Section 59 provides that the board, by any or all of its members, shall

hear the parties at issue, their representatives and witnesses, and shall determine the dispute in a summary manner. Such determination is final and conclusive, unless one of the parties feels aggrieved by the decision. In that event, if such award was made by less than all members of the board, the dissatisfied party may have a review thereof, by filing an application therefor within the time designated in §60 of the act, *supra*. On such review the parties are not given a right to submit additional evidence, but under the provisions of said §60, the board may hear additional evidence if it deems it advisable to do so. This renders the admission of additional evidence discretionary with the board, and its action in that regard is not subject to review by this court, unless the record shows an abuse of such discretion. *Bimel Spoke, etc., Co.* v. *Loper* (1917), 65 Ind. App. 479, 117 N. E. 527.

In the instant case the parties were given an opportunity to submit all their evidence at the first hearing before the single member of the board. On the 2. hearing on review, appellant was not entitled as a matter of right to submit additional evidence. It recognized such fact, and sought to have the board exercise its discretion in that regard in its favor. To that end, it submitted the affidavit of its assistant secretary in support of such request, and attempted thereby to show facts which would make a denial thereof an abuse of discretion on the part of the board. Appellant's brief states that it is shown by said affidavit that: "Three persons, whose names appellant is ready to submit to the board, have since then (the former hearing) disclosed the fact that they were eye witnesses to circumstances that

show that appellee was not, at the time of the injury, in the service of appellant, but engaged on a personal errand of his own." It also states that said affidavit shows that another witness has been discovered since the original hearing, whose name appellant is ready to furnish to the board, "who will, if called, disprove the testimony of appellee concerning the fact and circumstances surrounding the accident, and impeach his testimony, and show that appellee was at the time of the injury engaged in a personal mission of his own, and not on the business of the company." This is the only evidence which appellant asked to submit on review, and the only showing as to its character, as far as disclosed by appellant's brief. It will be observed that there is no showing as to, what the testimony of said witnesses would be, but only a statement of a conclusion in that regard. The board had a right to know what the testimony of each of such witnesses would be, in order that it might draw its own conclusion as to what it would tend to prove or disprove, if anything. In the absence of such a showing we cannot say that the board abused its discretion in refusing to permit appellant to introduce additional evidence at the hearing on review.

Appellant contends that the evidence is not sufficient to sustain the finding of facts. In considering this contention it should be borne in mind that

3. a finding of facts by the Industrial Board stands upon the same footing as the finding of the trial court or the verdict of a jury, and when sustained by any competent evidence is conclusively binding on this court. *Bloomington, etc., Stone Co. v. Phillips* (1917), 65 Ind. App. 189, 116 N. E. 850; *Sugar Valley Coal Co. v. Drake* (1917), 66 Ind. App.

152, 117 N. E. 937. Also, that such board, like a court or jury, may draw reasonable inferences from the facts and circumstances in evidence. *Haskell, etc., Car Co.* v. *Brown* (1918), 67 Ind. App. 178; 117 N. E. 555. With these settled rules in mind, we 4. have reviewed the evidence in the light of appellant's contention, and find ourselves unable to agree that it is not sufficient to sustain the finding of facts. Every material fact found is sustained by some competent evidence. True, some of it is strongly conflicting as appellant has cited, but it is not within the province of this court to weigh the same, and thereby determine its preponderance. *Public Utilities Co.* v. *Cosby* (1915), 60 Ind. App. 252, 110 N. E. 576.

Appellant also contends that its rights were prejudiced by the board's consideration of incompetent evidence. If it be conceded that incompetent 5. evidence was heard, it does not follow that the board gave it weight in arriving at its conclusion as to the facts established. The mere fact that incompetent evidence is heard is not cause for reversal, where, as in this case, there was some competent evidence which tended to establish every material fact found. *United Paperboard Co.* v. *Lewis* (1917), 65 Ind. App. 356, 117 N. E. 276.

Appellant's contention that the facts found are not sufficient to sustain the award is not well taken. Such facts show that appellee was in the employ- 6. ment of appellant as a teamster at an average working wage of $18.90; that on said date, in the regular discharge of the duties of his employment, he was driving a team, delivering coal; that he left appellant's place of business with a load of

coal for delivery to a customer; that after driving about three squares and a half his hat was blown off his head; that he stopped his team, alighted from his wagon, and procured his hat; that upon going back to his wagon he discovered that the persons loading the wagon had failed to put a chute on it to be used in unloading the coal; that prior to that time he had been instructed by appellant that when he discovered that he did not have a chute, and needed one, instead of returning to the yard with his load, he should call by phone, and a chute would be sent him; that, acting under said instructions, he went into a saloon near the point where his team had been stopped, and called appellant's officers, and requested that a chute be sent to him; that, after telephoning, he returned to his wagon, and while in the act of mounting the same he was struck by a passing automobile and run over; that as a result he sustained injuries which wholly disabled him for the work at which he was engaged at the time of the accident; and that appellant had actual knowledge of appellee's injury within ten minutes after it occurred. Such facts clearly show that appellee was injured by an accident arising out of and in the course of his employment. *Bachman* v. *Waterman* (1918), 68 Ind. App. 580, 121 N. E. 8. They also show that the disability for work still continued, and that the award was for the amount and duration provided by law, and hence not excessive, as appellant contends. Acts 1917 p. 227, §8020ll Burns'

7. Supp. 1918. The fact that the board awarded appellee compensation for a maximum period of 500 weeks instead of 300 weeks, as asked by appellee in his claim for compensation, does not afford ground for reversal. The duration of the award was

limited as the law provides, and appellant has not shown that its rights were in any way prejudiced by the fact stated.

Appellant also complains of that part of the award which leaves the question of the degree of permanent impairment of the vision of appellee's right eye, if any, open for future consideration. It appears from the finding of facts that the exact degree of impairment to appellee's right eye is not shown by the evidence. Appellant cannot be required to pay any compensation on account of such injury without a further hearing and award, in which event it must be given full opportunity to protect its rights under the law in that regard. It is clear that such action of the board is not cause for reversal.

The award is affirmed, and by virtue of this statute the amount thereof is increased five per cent.