## RILEY *v.* HUNT ET AL.

[No. 12,836.  Filed March 9, 1927.]

1. MASTER AND SERVANT.—Any decision of the Industrial Board on a question of fact is conclusive on the Appellate Court when supported by any evidence.  p. 648.
2. MASTER AND SERVANT.—*Industrial Board may permit further evidence on review of award by part of the board.*—Under the express provision of the statute (§9505 Burns 1926), the Industrial Board, on review of an award made by less than the full board, may "hear the parties at issue," thus making it within the sound discretion of the board whether it will permit the introduction of further evidence.  p. 649.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Charles G. Riley against Theodore Hunt and others. From an order of the Industrial Board granting an award against the defendant named and dismissing the application as to the others, claimant appeals.  *Affirmed.*  By the court in banc.

*Andrew W. Perry* and *Henslee & Fuller*, for appellant.

*Hoffman, Shoaff & Hoffman*, for appellees.

ENLOE, J.—On November 23, 1925, the appellant, while in the employment of appellee Hunt, received a personal injury by accident arising out of and in the course of his employment of which said employer had knowledge.  At the time of the injury, the appellant was engaged in the work of excavating a cellar on property owned by the appellees Lloyd Dunlap and Rella Dunlap, and they were joined as defendants in appellant's application for compensation on the theory that they had employed the appellee Hunt, as a contractor, to do said work and had not exacted from him a certificate that he had complied with the provisions of §68 (§9513 Burns 1926), as required by §14, (§9459 Burns 1926) of the Workmen's Compensation Act.

A final hearing before the full Industrial Board resulted in an award of compensation to the appellant, as against the appellee Hunt, and a dismissal of the application as against the appellees Dunlap, and from this award this appeal is prosecuted.

The material portion of said §14, *supra*, involved in this case is as follows: "The State, any political subdivision thereof, any municipal corporation, partnership or person, *contracting* for the performance of any work without exacting from the contractor a certificate from the Industrial Board showing that such contractor has complied with section 68 of this act, shall be liable to the same extent as the contractor for compensation, physicians' fees, hospital fees, nurses' charges, and burial expenses on account of the injury or death of any employee of such contractor, due to an accident arising out of and in the course of the performance of the work covered by such *contract*." (Our italics.)

Upon the hearing of this cause, the appellees Dunlap defended upon the ground that they had not employed their coappellee to do said work; that they had not made any contract with said Hunt to do said work, and that, at the time of said accident, said Hunt was, as to them, a mere volunteer.

This issue presented a question of fact for the determination of the Industrial Board; it found "that at the time of the said accident and injury to the plaintiff there was no contract or other business relationship between the defendant Theodore Hunt, and the defendants Lloyd W. Dunlap and Rella Dunlap." There is abundant evidence in the record to sustain this decision, and the same is, therefore, conclusive upon us.

The appellant also complains of the action of the Industrial Board in permitting appellees Dunlap on the

2. hearing before the full board, to introduce further and additional testimony in their behalf. In this, there was no error. The record discloses that said appellees duly filed their application in that behalf, disclosing the nature of the evidence which they desired to offer. It is provided in §60 of said act (§9505 Burns 1926) that, on review of an award, the full board "shall review the evidence, or, if deemed advisable, hear the parties at issue, their representatives and witnesses * * *." This provision is in the interest of all parties, that justice may be done, and it is a matter within the sound discretion of the board whether, upon the showing made, it will upon such hearing permit the introduction of further evidence. *Bimel Spoke, etc., Co.* v. *Loper* (1917), 65 Ind. App. 479, 117 N. E. 527; *Consumers Co.* v. *Ceislik* (1919), 69 Ind. App. 333, 121 N. E. 832.

Award affirmed.

Dausman, J., absent.