CRICKMORE, ADMINISTRATRIX, *v.* PATTISON ET AL.

[No. 14,232. Filed March 12, 1931.]

*Roy L. Volstead* and *Wesley C. Swails*, for appellant.
*Johnson & Zechiel*, for appellees.

BRIDWELL, J.—This is a proceeding instituted by Owen Crickmore, now deceased, before the Industrial Board of Indiana for an award of compensation under and pursuant to the provisions of the Workmen's Compensation Act.

After this appeal was taken, the original appellant, Owen Crickmore, died, and, on motion duly filed, his administratrix was substituted as party appellant in this cause.

The complaint, or application for compensation, is in the form adopted and furnished by the Industrial Board of Indiana, and applicant asked for $300 on account of medical care and attention, hospital services and supplies.

A special answer was filed on Form 44 of the Industrial Board's forms, which answer, omitting the formal parts, is as follows: "That no compensation should be awarded upon said application for the reason following, to wit: Defendant Edward J. Foster was dead at the time of the accident referred to. Defendant Pattison was, at the time of the accident and still is, in the mortgage loan business. He had no control over the property where the accident is alleged to have occurred. He was authorized by the personal representatives of decedent to collect the rent and apply the same toward unpaid interest on a mortgage on said premises less cost of minor repairs. Plaintiff was not in the service of defendant

Pattison. He was not under any contract of hire. He was a carpenter doing occasional independent repair work. He was engaged by defendant Pattison to put in some glass in a window at the property in question. He procured his own material and used his own tools and was not under the supervision of either of the defendants. The job did not require more than two or three hours. His employment was casual and not in the usual course of the trade, business, occupation or profession of either of the defendants."

The application for compensation was submitted for trial before a single member of the board, who made a finding and entered an award for appellees. The original appellant thereafter filed his application for review before the full board and his petition to introduce additional evidence, which petition was denied, and the board, after a hearing, made the following finding: "That, at the time plaintiff received his alleged injury, he was employed by the defendant to make repairs on certain residence property which was not owned by the defendant Joseph H. Pattison, and said employment was not in the course of the trade, business or occupation in which the said defendant was engaged; that, at the time of receiving the accidental injury alleged, the plaintiff was a casual laborer. That the plaintiff, at the time of said alleged accidental injury, was not in the employ of the defendant Edward J. Foster. That the finding herein should be for the defendants." Upon this finding, an order or award was entered that the said Owen Crickmore take nothing by his application filed on February 24, 1930.

Errors assigned are that the award is contrary to law; that it is not sustained by sufficient evidence; that the board erred in overruling appellant's petition to introduce further evidence.

The last assignment of error is not insisted upon, or in any manner presented or supported in appellant's brief and may therefore be regarded as waived. ██ *William Laurie Co.* v. *McCullough* (1910), 174 Ind. 477, 90 N. E. 1014, 92 N. E. 337, Ann. Cas. 1913A 49; *Rooker* v. *Bruce* (1908), 171 Ind. 86, 85 N. E. 351. We have, however, considered the question, and hold that the hearing of additional evidence is a matter within the sound discretion of the Industrial Board, and that no abuse of discretion is shown in the instant case. There was, therefore, no error in overruling such petition. *Riley* v. *Hunt* (1927), 85 Ind. App. 647, 155 N. E. 523; *Consumers Co.* v. *Ceislik* (1919), 69 Ind. App. 333, 121 N. E. 832; *Bimel Spoke, etc., Co.* v. *Loper* (1917), 65 Ind. App. 479, 117 N. E. 527.

The evidence in the case shows that, on and prior to February 18, 1929, the appellee, Joseph H. Pattison was engaged in the business of making mortgage loans on real estate; that he was the owner of 20 to 35 pieces of property that he rented and kept in repair; that the original appellant was a carpenter, and, for about one year prior to the accident by which he was injured, he did work for appellee Pattison at different times when requested to do so; that this work was paid for as done and was general repair work on dwellings; that he was notified each time when Pattison had work for him to do; that some weeks there would be orders to make repairs every day, and then the next week he would only have an order to do work on one day; that the work was not constant or continuous; that there was no general employment, and each job was a separate employment; that the applicant was not in the employment of appellee Edward J. Foster; that appellee Pattison, under date of February 9, 1929, while in the State of Mississippi, sent to Crickmore (the original appellant), a card of the following tenor: "Please put glass in front transom and some small glass

broken out, at 1139 E. 24th St."; that, pursuant to said order, he (Crickmore), on February 18, went to the premises mentioned and, while attempting to put a glass in an upstairs window, a railing to a stairway against which he was leaning broke, and he fell and was injured.

Appellee Pattison testified that he was not engaged in the business of renting property or repairing property for other persons, and that he was not the owner of, nor the rental agent for, the property at 1139 East Twenty-fourth Street.

The engagement of Crickmore to put glass in the front transom and replace broken glass in window was for a job that would have required his services for only a few hours, and he had been employed by appellee "off and on" for like work at different times within the year prior to the date of accident, but he was under no obligation to do work when called upon to do so and the acceptance of work offered was wholly optional with him.

The Industrial Board found as a fact that the employment was not in the course of the trade, business or occupation in which the employer was engaged. There is evidence in the record to sustain this decision, and any decision of the Industrial Board on a question of fact is conclusive upon this court when supported by any evidence.

We hold that the employment was casual employment within the meaning of clause (b) of §76 of the Workmen's Compensation Act as amended in 1919 (Acts 1919, ch. 57, p. 158, §9521 Burns 1926) which provides that an employee shall include every person . . . lawfully in the service of another under any contract of hire, "except one whose employment is *both* casual and not in the usual course of the trade, business, occupation or profession of the employer."

Cases involving this question and supporting the con-

clusion reached are: *Marietta* v. *Quayle* (1922), 79 Ind. App. 9, 137 N. E. 61; *Zeidler* v. *Prueher* (1927), 85 Ind. App. 627, 154 N. E. 35; *Mason* v. *Wampler* (1929), 89 Ind. App. 483, 486, 166 N. E. 885.

We find no grounds for a reversal, and the award, therefore, is affirmed.