## GALBRAITH ET AL. *v.* STEPHENS.

[No. 14,594.   Filed June 2, 1932.]

*Wycoff & Wycoff,* for appellants.

*Robert A. Creigmile* and *Thompson & Thompson,* for appellee.

WOOD, C. J.—Appellee filed his application with the Industrial Board for compensation for the loss of his right leg as the result of an accident arising out of and in the course of his employment by appellant. From an order of the full board awarding compensation, appellant appealed to this court assigning as error that the award of the full board is contrary to law.

Appellant discusses two questions in his brief:   The first is, that the full Industrial Board abused its discretion in refusing to permit appellant, upon application, to introduce additional evidence at the hearing before the full board.   An examination of the record does not sustain this assertion.   §§9472-9505 Burns Supp. 1929;

*Consumers Co.* v. *Ceislik* (1919), 69 Ind. App. 333, 121 N. E. 832; *Riley* v. *Hunt* (1927), 85 Ind. App. 647, 155 N. E. 523; *Crickmore, Admx.,* v. *Pattison* (1931), 92 Ind. App. 309, 175 N. E. 138.

Second, appellant contends that there is no evidence to sustain the finding and award of the full Industrial Board. An examination of the record discloses that there was some evidence to support the finding. When there is some evidence an award will not be disturbed on appeal. *Hill* v. *Starco Coal Co.* (1928), 88 Ind. App. 24, 163 N. E. 118; *Lazarus* v. *Scherer* (1931), 92 Ind. App. 90, 174 N. E. 293.

The award is affirmed, and, as required by the statute, is increased five per cent.