STINSON ET AL. *v*. FISHER.

[No. 15,814. Filed January 19, 1937.]

*McHale, Arthur & Myers, George Staff* and *Seth S. Ward,* for appellants.

*Henry E. White* and *James L. Murray,* for appellee.

KIME, J.—The appellants here filed their application for compensation for the death of their husband and father contending that he received an accidental injury arising out of and in the course of his employment with appellee. The appellee filed a special answer alleging intoxication. At the hearing before the single member of the Industrial Board an award was made in favor of the appellants. Following this award there was a review by the full board at which additional evidence was introduced by the appellee and the finding of the full board was that the death of said "Clarence Stinson was not due directly or indirectly to any accidental injury arising out of and in the course of his employment with the

defendant . . ." and an award that the appellants take nothing by their application. One member of the Industrial Board dissented from this, with three writing the majority award.

The following day the appellants filed a petition with the board to prosecute an appeal to this court as poor persons and shortly thereafter filed another application for the same relief. These petitions were denied.

Thereafter appellants filed an application for a vacation of the order denying them compensation, alleging that the appellee Fisher had perjured himself in his testimony and setting out evidence to substantiate such allegation.

It appears from the evidence that appellants' decedent had worked for the appellee for some twenty-five years, and that for the last two days prior to the time the claimed injury was alleged to have occurred, namely the 19th day of December, 1935, the decedent had been more or less under the influence of intoxicating liquor; that he was planning to go to a nearby town, whereupon the appellee, Fisher, told him that if he did his employment with appellee was terminated and that he did go to such town.

There is some evidence to the effect that appellants' decedent was seen working upon the premises of appellee on the date in question but this evidence is conflicting and the Industrial Board found as a fact that he did not receive an accidental injury in the course of the employment and since there is some evidence to support this finding we are bound thereby.

The evidence is also conflicting as to whether or not the decedent sustained an injury and there is evidence to sustain the board on this issue and therefore we are bound by that finding.

The appellants also complain of the fact that they were denied the right to appeal as poor persons. The

granting or denial of this right is within the discretion of the Industrial Board. There is no showing that this discretion was abused and in the absence thereof the appellants cannot complain.

Appellants further complain of the fact that they were not allowed to introduce additional evidence at the review by the full board. This is also within the discretion of the board and since the appellants have failed to show an abuse of that discretion such is not available to them as error. *Bimel Spoke and Wheel Company* v. *Loper* (1917), 65 Ind. App. 479, 117 N. E. 527; *Consumers' Co.* v. *Ceislik* (1918), 69 Ind. App. 333, 121 N. E. 832.

It is not necessary for us to express an opinion as to whether or not the appellants are entitled to have the' award vacated for the reason that there is no ruling on the motion to vacate nor is it before us in an attempt to mandate the board to rule thereon.

Finding no error, the award of the Industrial Board is in all things affirmed.