## TENISON v. SCHOOL CITY OF EVANSVILLE.

[No. 15,929. Filed May 4, 1937.]

*William L. Mitchell,* for appellant.

*Isador Kahn* and *Harry P. Dies,* for appellee.

KIME, J.—The appellant filed an application for compensation on account of total disability with the Industrial Board. Shortly after that he filed an amended petition asking for compensation on account of permanent partial impairment. To each of these applications the appellee filed a special answer in two paragraphs the contents of which, in view of the result necessary to be reached here, are unimportant.

At the hearing before the single member the appellant obtained an award for permanent partial impairment from which the appellee appealed to the full board and asked, in addition to a review by the full board that it appoint two disinterested physicians to examine appellant and order that the physicians make a report to the board of the result of their examination. This order was made.

The appellant submitted himself to these disinterested physicians who made their examination and reported to the board. These reports, by stipulation of the parties, were introduced in evidence at the subsequent hearing and the board made a finding that the appellant suffered an accident which resulted in the injury while in the course of and which arose out of his employment; that he was employed at an average weekly wage of $30.00; that he was totally disabled for a stated period; that he was not, as a result of the accidental injury, permanently partially impaired; and that he resumed work with the appellee on September 9, 1935, at a wage of $30.00 per week, upon which finding the board made an award that the appellee was entitled to

compensation for total disability at the rate of $16.50 per week for 15 1/7 weeks. It is from this award that the appellant appeals, assigning as error that the award of the full board is contrary to law.

The evidence discloses that the appellant was a physical training teacher in the Evansville schools and that subsequent to instructing a class in high-jumping, while shoveling heavy sand into the sand box or pit with a sixteen inch scoop shovel he sustained the injury of which he complains; that subsequent thereto he was given first aid by a physician. Following this and prior to the hearing before the single member of the board he was examined by five other physicians and prior to the hearing before the full board he was examined by the two physicians appointed by the board as hereinabove disclosed.

The appellant contends that it was error for the board to appoint these two disinterested physicians and allow them to testify or allow their evidence to be produced before the full board as to the condition of the man subsequent to the hearing before the single member, in that this gave the appellee, in reality, a second hearing. It is within the discretion of the board to hear additional parties as to any additional facts that such parties may desire to produce. There is no showing here that the board abused this discretion. The appointment of these two disinterested physicians was solely for the purpose of attempting to arrive at a full determination of the facts and is not error. *Riley* v. *Hunt* (1926), 85 Ind. App. 647, 155 N. E. 523, and section 60, Acts of 1929, page 559.

The main contention of the appellant here was that there was no evidence to the effect that the appellant was not permanently partially impaired, and he cites much evidence in support of this contention. Before the appellant would be entitled to a

reversal it would be necessary that the evidence show, conclusively, that the permanent partial impairment complained of was the result of the accidental injury. Here seven physicians testified as to the appellant's condition and what in their opinion was the cause thereof. Some of them testified that he was permanently partially impaired by reason of the injury that he received while in the employ of the appellee. Others testified to the effect that he was not permanently partially impaired as a result of such accidental injury. From this evidence the board could have found that he was permanently partially impaired as a result thereof, or that he was not, and their finding is that he was not so permanently partially impaired. This court can not weigh the evidence and since there is evidence from which the board could have made the finding that it did, this court can not substitute its judgment for that of the fact finding body.

No reversible error having been shown, the award of the Industrial Board is affirmed.