SCHREIBER *v.* RICKERT ET AL.

[No. 17,139.    Filed October 13, 1943.]

*George F. Zimmerman,* of Evansville, for appellant.
*William D. Hardy,* of Evansville, for appellees.

DRAPER, J.—The Industrial Board entered an award in favor of the appellee, Mary T. Rickert, and against her coappellees and the appellant on account of the

death of her husband. It also awarded $150.00 for burial expenses to one not a party to this proceeding. The award is asserted to be contrary to law because the evidence fails to show that the accident causing his injury and consequent death arose out of and in the course of the employment of the deceased by the appellant and for the further reason, as to the allowance of burial expenses, that the award was made to one not a party to the record and who had filed no application for the allowance thereof.

The appellant, a painting contractor, was engaged by Jacob J. Moll, acting for and on behalf of his wife, Anna Moll, to clean and paint the gutters and down spouts on a house owned by her and occupied by them as their home. The appellant had neither insured the risk nor been authorized to carry the same without insurance.

The deceased and another workman, both in the employ of the appellant as painters at an hourly wage, had been working on this job for several days before the accident happened. The gutter in extending across the south side of the house, ran about eighteen inches above the peak of a small A shaped canopy over the rear door. The deceased crawled onto this canopy from the scaffold alongside it but it would not support his weight and it broke loose and dropped him to the ground, the canopy falling after him and landing on his head, thus inflicting the injury causing his death.

The appellant's first contention is answered by the fact that it was stipulated by and between the parties to be a fact, and to be taken as a fact proven upon the hearing, that the deceased came to his death "as the result of an injury suffered by him as the result of a fall from the canopy over door of home while working as a painter" on the dwelling in question.

This stipulation, in our opinion, goes further than to show merely that the accident occurred within the period of the employment of the deceased as a painter. It establishes the fact that it occurred while the deceased *was working as a painter;* that is, was engaged in the performance of his duties as such. A stipulation of facts is an express waiver made in court or preparatory to trial, by the party or his attorney, conceding for the purposes of the trial the truthfulness of some alleged fact. It has the effect of a confessory pleading, in that the fact is thereafter to be taken for granted, so that the one party need offer no evidence to prove it and the other is not allowed to disprove it. It is a judicial admission of the fact or facts stipulated. *Deffler* v. *Loudenbeck* (1924), 233 Ill. App. 240, 245. Serving as they do to simplify and expedite litigation, such stipulations are looked upon with favor by the courts. When, upon a hearing in a compensation case, a stipulation of facts is entered into within the authority of counsel, it is, unless and until it is set aside or withdrawn, binding and conclusive between the parties and upon the Industrial Board. *Mid-City Iron & Metal Co. et al.* v. *Turner et al.* (1929), 89 Ind. App. 38, 165 N. E. 760; *Barker et al.* v. *Reynolds et al.* (1932), 94 Ind. App. 29, 179 N. E. 396, 397; *Pettit* v. *Continental Baking Co.* (1932), 94 Ind. App. 250, 180 N. E. 607.

Shortly after filing his application for review by the full board the appellant filed his petition for leave to introduce additional evidence to be submitted to the full board upon review and in it the appellant set forth the names and addresses of the witnesses whose testimony he wished to bring in, each of whom had already testified before the single hearing member. The petition shows that the witnesses would, if permitted so to do, amplify their previous testimony by testimony

to the effect that the appellant had instructed the deceased not to break any limbs from any trees at or near any premises upon which he worked while in the employ of the appellant without the permission of the owner of the premises and that the owner of the premises in question had not given such permission. This motion was overruled, the ruling being accompanied by a "Memorandum" that "To grant this petition would be in substance granting a new hearing, and under the Industrial Board practice, the Industrial Board has no authority to grant new trials."

Whether the board will permit the introduction of additional evidence is a matter within its sound discretion, not subject to review in the absence of an abuse thereof. *Blessinger* v. *Olinger* (1933), 97 Ind. App. 636, 187 N. E. 684; *Consumers Co.* v. *Ceislik* (1919), 69 Ind. App. 333, 121 N. E. 832; *Flinn* v. *Hartley* (1933), 96 Ind. App. 320, 184 N. E. 915; *Stinson et al.* v. *Fisher* (1937), 103 Ind. App. 136, 5 N. E. (2d) 670. It may, within its discretion, review the evidence from a transcript of the former hearing or conduct a new hearing, and its action in that respect is reviewable only for an abuse of discretion, *Bimel Spoke & Auto Wheel Co.* v. *Loper* (1917), 65 Ind. App. 479, 117 N. E. 527. The board was not forbidden to grant the petition and hear the offered evidence for the reason stated in the "Memorandum" but the latter was no part of its order. It was the apparent intention of the appellant to undertake to prove by these witnesses that the deceased was engaged in the forbidden breaking of the overhanging limbs of a tree at the precise instant of his fall in order to sustain his contention that the accident causing the injury did not arise out of and in the course of the employment. It was proper to refuse to hear such testimony during the presence

in the record of the stipulation above recited, which had neither been set aside nor withdrawn.

Acts 1929, ch. 172, § 39, p. 536 (§ 40-1404, Burns' 1940 Replacement), requires the employer to pay burial expenses in a case like the present, not exceeding $150.00. The burial expenses had been paid by the one to whom they were awarded and were not claimed by the appellee, Mary T. Rickert, or any other. They were payable by the appellant and the award as made could not result in any injury or injustice to him.

Award affirmed with statutory 5% increase.

NOTE.—Reported in 50 N. E. (2d) 879.