## SISK *v.* DEAN BROTHERS COMPANY.
### [No. 14,865.   Filed April 6, 1933.]

*Seth S. Ward,* for appellant.

*Ralph B. Gregg,* for appellee.

DUDINE, J.—Appellant filed application for compensation for permanent total disability with the Industrial Board.   Upon a hearing had, the Board found for the defendant and rendered an award in accordance with its finding.   Appellant later filed an application for a review

of the award, denying him permanent and total disability, in which he claimed a change of condition, and prayed for compensation for permanent partial impairment. Upon a hearing had, the hearing member of the Industrial Board found for the defendant and denied appellant's application for review of the original award, whereupon appellant prayed a review by the full Board, which also found for the defendant and denied said application. This is an appeal from the award of the full Board denying a review of the original award.

The errors assigned are: (1) The award is contrary to law; (2) the findings are not sustained by sufficient evidence; (3) the award is not sustained by sufficient evidence.

It was unnecessary for appellant to assign his second and third errors, because the questions presented by them could have been presented under appellant's first assigned error. Sec. 9506, Burns 1926.

Appellant used a certain doctor as his witness, who, the evidence discloses, was employed as a witness in this case by appellee's insurance carrier. Appellant asked this witness certain leading questions which were objected to and the objections were sustained. Ultimately the hearing member informed the appellant that he would not permit him to ask the witness any more leading questions, whereupon appellant contended he had the right to ask the witness leading questions, but, as appellant stated into the record "due to the fact that your honor has refused this plaintiff to ask leading questions" he declined to question the witness any further on direct examination.

Appellant contends the Board erred in "refusing to permit the appellant to ask leading questions" of said witness. (Quoting from the appellant's brief.)

Appellant made no statement to the Board as to what

the witness would say in response to the question objected to.

The Supreme Court said in *Judy* v. *Citizen* (1884), 101 Ind. 18, "Questions upon the refusal to admit. evidence from a witness can *only* be saved by propounding to the witness some pertinent question, and, upon objection made, *stating to the court,* as it may direct, *the testimony or facts which the witness would detail in answer thereto."* We recognize that as a correct statement of law. It is followed in numerous cases. See *Matt* v. *Fiske* (1900), 155 Ind. 593, 596, 58 N. E. 849; *Whitney* v. *State* (1899), 154 Ind. 573, 579, 57 N. E. 398; Elliot's Appellate Procedure, Sec. 743.

Three medical witnesses for appellant testified as to the injuries complained of by appellant, whereupon appellant offered to put more doctors on the stand to testify on that phase of the issue, and the hearing member responded, "All right. Let it (the record) show that they were offered and refused." Whereupon appellant's counsel stated into the record, "I want the record to show at this time the plaintiff respectfully offers to show additional facts, not cumulative, by Dr. Albert Storey, Dr. Pennington, Dr. LaRue Carter and Dr. Thompson." The hearing member responded, "The Board positively refuses to permit them to testify." (Quoting from the record.)

A purported "Bill of Exceptions No. 2," which details the refusal of the hearing member to hear the testimony of said doctors, recites that appellant "took an exception to the ruling of the Board Member prohibiting the plaintiff from producing further necessary evidence in chief." The bill of exceptions containing the evidence does not show that such exception was taken. Neither bill of exceptions shows that appellant placed any of said additional witnesses on the witness stand, or asked either of them a question. No question as to the rejection of evi-

dence could be saved without putting the witness on the stand and asking him a pertinent question. See *Judy* v. *Citizen, supra.* Appellant cites *Missouri-Amer. Elec. Co.* v. *Hamilton Brown Shoe Co.* (1908), (C. C. A.) 165 Fed. 283, 285, in support of his contention that the Court erred in "refusing to hear" said additional witnesses. That case is clearly distinguishable from the instant case. That opinion states: "The court closed the hearing while the Missouri Company was still introducing its evidence in defense, and before it had rested, that company excepted to this premature closing of the case, and the court rendered a decree. . . . ." It was a refusal of the trial court to hear further evidence of any kind upon the part of the Missouri Company—it was not a refusal to hear a fourth or subsequent witness testify to the same facts.

Furthermore the opinion does not show how the question was saved. In the absence of such showing we must presume that the question was saved in accordance with the practice recognized in Federal Courts. In the instant case the question was not reserved.

Appellant also complains of the fact that the hearing member sustained an objection to the following question asked appellee's witness, a doctor, on cross-examination, "You are paid to examine this man and testify here by the defendant's insurance company?" We think appellant has failed to properly reserve this question, but we hold that if the question had been properly reserved, and presented to this court, it would not be reversible error, because the record shows that appellee admitted that the witness was paid to examine appellant and testify, by the defendant's insurance carrier.

We do not hold that the court's ruling on the objection was erroneous, but if it were erroneous,—no harm re-

sulted. The witness could not have given an answer which would have been more favorable to appellant, than appellee's admission.

No reversible error being shown the award is affirmed.