## BLESSINGER V. OLINGER.

[No. 15,009.   Filed November 24, 1933.]

*Charles F. Werner* and *Joseph W. Hutchinson,* for appellant.

*William E. Hart* and *Ralph B. Gregg,* for appellee.

KIME, C. J.—This is an appeal from an award made by the Industrial Board that the appellant take nothing. The accident, out of which this controversy arose occurred on March 10, 1931. An application was filed on the second day of April, 1932, and an award was made by the single member on February 13, 1933, denying the applicant compensation.   An application for review was filed on February 18, 1933, and with it the parties asked for a medical examination and for authority to intro-

duce additional evidence that would be discovered by such examination. There was then filed a motion to dismiss the application to introduce additional evidence which was overruled and the board ordered that the applicant be permitted to introduce testimony of two medical witnesses, said testimony to be confined to the condition of applicant on and prior to the hearing before the single member.

It is this action of the board in limiting the evidence that the appellant claims is error under an assignment that the award is contrary to law. Section 60 of the Compensation Act of 1929 provides that when a review is had by the full board that the board "shall review the evidence, or, if deemed advisable, hear the parties at issue, their representatives and witnesses." Thus it will be seen that it is strictly within the discretion of the board as to whether or not they will hear any evidence at all beyond that heard by the single member. We are informed that the board has rules relating to procedure, where additional evidence is proposed, but such rules are not pleaded and this court has held that it cannot take judicial knowledge of such rules. It has not been shown that there has been any abuse of discretion in refusing the appellant the right to produce this additional evidence.

The appellant also complains because the medical witnesses allowed to testify, at the hearing before the full board, were not permitted to answer certain questions propounded to them, but there is no showing as to what they would testify. In the absence of such showing we cannot say that the Industrial Board abused its discretion in refusing to allow answers to be made to those questions. *Sisk* v. *Dean Bros. Co.* (1933), 96 Ind. App. 366, 186 N. E. 158.

Finding no error herein the award of the Industrial Board is affirmed and it is so ordered.