## TALLON v. SEXTON COAL COMPANY.
[No. 15,206.  Filed September 27, 1934.]

Stanley E. Stohr, for appellant.

Will H. Hays, Hinkle C. Hays, Alonzo C. Owens, John S. Taylor, and J. Olias Vanier, for appellee.

CURTIS, J.—On the 13th day of November, 1930, the appellant was in the employ of the appellee at which time he received an injury by accident arising out of and in the course of his said employment for which he received compensation up to and including April 5, 1931, in the sum of $320.93. A disagreement arose between him and his employer as to whether or not he had sustained a permanent partial impairment, whereupon, on June 14, 1932, he filed with the Industrial Board his application for an adjudication of said mat-

ter. This application he amended on November 7, 1933. On November 24, 1933, the single member who heard said application, entered an order that he take nothing by his said application. He then asked a review before the full board of that order and award. On December 1, 1933, he filed an amended application for review by the full board. On January 16, 1934, the full board made its finding and award, the salient parts of which are as follows: "The said Full Board having heard the arguments of counsel, reviewed the evidence in said cause and being duly advised in the premises, now finds the following facts and renders its order herein.

"1. That the plaintiff's disability has not resulted in a permanent partial impairment as alleged in plaintiff's application filed with the Industrial Board on the 14th day of June, 1932, and amended as of the 7th day of November, 1933.

### ORDER.

"It is therefore considered and ordered by the Full Industrial Board of Indiana that plaintiff take nothing by his application herein and that he pay the cost of this proceeding."

From the order and award of the full board the appellant prayed and perfected this appeal, assigning, among other things, that the award of the full Industrial Board is contrary to law. This is a sufficient assignment to present all of the alleged errors of which complaint is made.

See Section 61, Indiana Workmen's Compensation Act, Acts 1929, ch. 172, pp. 536, 559.

See also: *Flinn* v. *Hartley* (1933), 96 Ind. App. 320, 184 N. E. 915.

In the instant case the appellant sought to introduce additional evidence before the full board that was not

heard by the single member. His contention is that the refusal of the board to hear such evidence is reversible error. We quote with approval what this court said in *Flinn* v. *Hartley, supra,* in passing upon a similar contention as follows:

"(2) Section 60 of the Compensation Act, *supra,* provides that, upon review by the full Industrial Board, said board 'shall review the evidence, or, if deemed advisable, hear the parties at issue, their representatives and witnesses. . . .' In interpreting the above quoted provision of the law this court has held that it is a matter within the sound discretion of the Board as to whether, upon the showing made, it will permit the introduction of further evidence, and its action in that regard is not subject to review by this court unless the record shows an abuse of this discretion. This, we think, is the correct construction to be placed on the law. See *Riley* v. *Hunt et al.* (1927), 85 Ind. App. 647, 155 N. E. 523; *Bimel Smoke, etc., Company* v. *Loper* (1917), 65 Ind. App. 479, 117 N. E. 527; *Consumers' Company* v. *Ceislik* (1919), 69 Ind. App. 333, 121 N. E. 832."

We have carefully examined the additional evidence sought to be introduced by the appellant as set forth in his showing made before the full board. Some of it was contradictory of the evidence which was given and some of it was cumulative. There is nothing to indicate that the sound discretion of the board in such matters was abused. Even if such evidence had been admitted the board's finding might reasonably have been the same as it was. We have also examined the evidence before the board. It was ample to sustain the finding. No reversible error being shown the award is affirmed.