## McQuay-Norris Manufacturing Company
### *v.* Smith et al.

[No. 15,623. Filed March 10, 1936.]

*Ralph B. Gregg,* and *Edward J. Fillenworth,* for appellant.

*Ambrose Elliott, J. J. Chrisman,* and *E. Ralph Himelick,* for appellees.

CURTIS, C. J.—The appellees filed with the Industrial Board of Indiana their application for the adjustment of a claim for compensation, alleging that John Smith died on the 29th day of December, 1934, by reason of an accident which, they claimed, arose out of and in the course of the employment of the decedent with the Mc-Quay-Norris Manufacturing Company, and that said appellees are dependents of the decedent under the Indiana Workmen's Compensation Act. Thereafter a hearing was had on said application for compensation and an award was made by the single member of the board against the appellant and in favor of the appellees.

The appellant filed an application for a review of said award before the full Industrial Board. The finding and award of a majority of the full Board was also in favor of the claimants. We quote the parts of said finding and award which are salient to this appeal as follows: "And the Full Industrial Board having heard the argument of counsel, having reviewed the evidence, and being duly advised therein, by a majority of its members now finds that on April 4, 1934, while in the employ of the defendant at an average weekly wage of $16.00, one John Smith suffered an injury as the result of an accident arising out of and in the course of his employment, of which the defendant had knowledge. That as a result of said accidental injury said John Smith became totally disabled on May 10, 1934. That as a result of said accidental injury the left leg of the said John Smith was twice amputated, and that the said John Smith died, as the result of the accidental injury sustained on April 4, 1934, on December 29, 1934. That at the time of his death the said John Smith was living with Eva Smith, his wife, and Earl Dean Smith, his son, age four months, who were totally dependent upon the said John Smith for support.

## AWARD

"It is therefore considered and ordered by the Full Industrial Board of Indiana, by a majority of its members that plaintiffs, Eva Smith, widow, and Earl Dean Smith, son, are awarded as against the defendant compensation at the rate of $8.80 a week in equal shares, beginning with May 10, 1934, during the period of their dependency, but not exceeding three hundred weeks as to time."

From this award the appellant has appealed to this court assigning as error that the award of the full Industrial Board is contrary to law. This assignment of error is sufficient to call into review all questions sought to be presented.

The appellant's main contentions are, first, that there was no competent evidence to show that the decedent received an accidental injury arising out of and in the course of his employment by the appellee and, secondly, that there was no causal connection shown between the accidental injury (even if it be admitted that there was such accidental injury) and the resulting death of the decedent. As to the first contention the appellant says: that over its objection the Board admitted hearsay evidence given by the widow of the decedent as to what he said to her when he came home from work about his having received the accidental injury in question; that the Board also erroneously over appellant's objection admitted evidence given by the physician who first treated the decedent after the injury, such evidence being as to what the decedent told the said doctor when giving a history of the injury and that the Board also erroneously admitted over the appellant's objections a statement in writing made by the decedent when his death was imminent, the said statement being admitted by the Board as being in the nature of a dying declaration. We do not feel called upon to pass upon the ques-

tions thus raised by the appellant as to the alleged erroneous rulings of the Board as to such evidence. It was but cumulative evidence on the subject of his having received an accidental injury at the time and place and in the manner found by the board. Witnesses who were with him at the exact time of the injury gave ample evidence from which the Board could correctly conclude that the decedent suffered such injury by accident arising out of and in the course of his employment by the appellee. Therefore, if it be assumed for the sake of the argument that the complained of rulings of the board as to such cumulative evidence, were each erroneous (and we do not so decide), yet there is not shown any reason for reversing the award which is based upon other competent evidence showing that the accidental injury was in fact suffered by the decedent. See: *Tallon* v. *Sexton Coal Company* (1934), 99 Ind. App. 222, 192 N. E. 108; *Flinn* v. *Hartley* (1933), 96 Ind. App. 320, 184 N. E. 915.

The question as to the causal connection, if any, between the said injury, and the death of the decedent was covered by the evidence of several doctors. After the injury an exceedingly malignant condition developed requiring two amputations of the injured leg of the decedent and death soon followed. While the medical testimony was not, by any means, entirely without conflict, yet as we read it it was ample from which the Board could correctly conclude that the injury caused the malignant condition and that said malignant condition and amputations of the leg caused the decedent's death.

We have found no reversible error. The award is affirmed with the usual statutory penalty of 5 per cent.