RHODEN ET AL. *v.* SMITH & DECKER ELECTRIC COMPANY

[No. 16,401. Filed November 8, 1939.]

*Isidor Kahn,* and *Harry P. Dees,* for appellants.

*Slaymaker, Merrell & Locke,* and *L. A. Shaner,* for appellee.

DEVOSS, P. J.—This is an appeal from the award of the full Industrial Board. Appellants Tracy O. Rhoden and Ina Rhoden filed their application for compensation as partial dependents of Clyde E. Rhoden, deceased. The cause was submitted to a single board member and thereafter, before a finding by said board

member, appellants Tracy O. Rhoden and Ina Rhoden moved to amend their application by naming Kathryn Rhoden as an additional applicant as a partial dependent of said Clyde E. Rhoden. By order of the board member the application was ordered amended to conform to said petition.

Thereafter the board member made a finding adverse to appellants herein, and upon this finding the Industrial Board ordered that plaintiffs take nothing by their complaint and that they pay the costs of the proceedings.

Appellants filed their petition for a review by the full board, and thereafter said cause came up for review before the full Industrial Board, and upon a hearing said full board made the following finding and award:

"And the Full Industrial Board having heard the argument of counsel, having reviewed the evidence, and being duly advised therein, now finds that on March 15, 1937, while in the employ of the defendant at an average weekly wage of $16.50, one Clyde E. Rhoden suffered an injury as the result of an accident arising out of and in the course of his employment, of which the defendant had knowledge and furnished medical attention; that said accidental injury resulted in the death of the said Clyde E. Rhoden on March 30, 1938; that the defendant has not paid the statutory one hundred dollar burial allowance. That on July 23, 1938, plaintiffs filed their application for the adjustment of a claim for compensation.

"And the Full Industrial Board now finds by a majority of its Members for the defendant and against the plaintiffs, on all of the other material allegations in plaintiffs' complaint.

"AWARD

"IT IS THEREFORE CONSIDERED AND ORDERED by the Full Industrial Board of Indiana by a majority of its Members that the plaintiffs shall take nothing by their complaint herein and that they shall pay the cost of this proceeding.

"It is further ordered that the defendant pay the statutory one hundred dollar burial allowance."

From this finding and award of the full Industrial Board appellants appeal.

Appellants assign as error: 1st. That the final award of the full Industrial Board is contrary to law. 2nd. That the final award of the full Industrial Board is not supported by sufficient evidence.

The first assigned error is a sufficient assignment and all alleged errors may be presented thereunder. *John C. Groub Co.* v. *Brock* (1932), 94 Ind. App. 346, 180 N. E. 923.

Appellants maintain there was error in the proceedings in the submission of the cause to the single board member. At the hearing by the board member, the record discloses that a question was propounded to a witness by appellants, and an objection having been made, an offer to prove was made, and the objection was sustained. At the hearing on review by the full board, no further attempt was made to introduce the testimony rejected by the board member, and no attempt was made to introduce new or additional evidence. Appellee contends that by reason of the fact that the full Industrial Board was not requested by appellants to admit the rejected evidence, there is no ruling of the full Industrial Board as to the exclusion of any evidence, and therefore no

question as to such ruling is presented for review on this appeal.

Sec. 40-1511 Burns Indiana Statutes 1933, (§16436 Baldwin's 1934) provides: "If an application for review is made to the board within seven [7] days from the date of an award, made by less than all the members, the full board, if the first hearing was not held before the full board, shall review the evidence, or, if deemed advisable, hear the parties at issue, their representatives and witnesses as soon as practicable and shall make an award and file the same with the finding of the facts on which it is based and send a copy thereof to each of the parties in dispute, in like manner as specified in the last foregoing section."

The Industrial Board of Indiana is an administrative body and not a court, and under the statute ■ can promulgate rules of procedure in hearings before it.

In the case of *Northern Ind. Power Co.* v. *Hawkins* (1925), 82 Ind. App. 552, 556, 146 N. E. 879, the court said: "The legislature never intended that all rules of law relative to orderly procedure should be ignored. This is indicated by the fact that it is specifically provided that at least two members of the Industrial Board shall be attorneys, and that the chairman of the board shall be an attorney of recognized qualifications. The evident idea being that these men, by reason of their professional training, will be able to, in a way, direct and mold the proceedings before the board so that an award when made will be based upon a proper finding of facts and conform to the law."

As stated by appellee, this appeal is from an award of the full board, and the ordinary and orderly rules

of practice would require that before a question could be saved for a review by this court, the full board must be given an opportunity to pass upon the question at issue.

In the case of *Munson* v. *Scheid* (1924), 82 Ind. App. 258, 261, 145 N. E. 840, in passing upon the question of alleged error by the full board, after quoting sec. 59 and sec. 60 of The Workmen's Compensation Act, this court said: "It thus appears that when an application for compensation is filed, and the matter is taken up for determination by any or all of the members of the board, as provided in said §59, that a hearing of 'the parties at issue, their representatives and witnesses' shall be had. This evidently means that the member or members of the board conducting such hearing, although not constituting a court, and hence not bound by all the rules of civil procedure, nevertheless, must grant what the statute evidently intends, viz.: such a hearing of the parties and their witnesses as will enable such member or members to arrive at the truth concerning the material issues, in order to apply the law properly, and thereby do justice between the contending parties. If such a hearing is not had, and the number of members sitting thereat is less than the full board, as was true in the instant case, any error in that regard may be rendered harmless by an application for review by the full board, as provided in said §60, and such a hearing thereat as will bring before the full board all the pertinent facts bearing on the issues of which the parties shall offer proper evidence. If, however, *on due application*, such a hearing is not had on review, there will be an abuse of the discretionary power lodged in the full board by the provisions of said section as will warrant a reversal of the award so made,

on an appeal to this court. *Bimel Spoke, etc., Co.* v. *Loper* (1917), 65 Ind. App. 479." (Our italics)

The record discloses that no offer to introduce the evidence in question was made at the full board hearing.

No evidence was in the record reviewed by the full board, responsive to the question propounded, and if appellants desired they could have offered the same at such hearing by the full board. While the Industrial Board is an administrative board, the litigants are not relieved from all responsibility at the hearings thereof and it is not incumbent on such board to call witnesses and propound questions favorable to either of the litigants, but that burden is upon the parties to the dispute.

It is our opinion and we so hold that by a failure to offer the evidence rejected by the single board member, to the full board on review, no question is presented to this court on appeal.

The only other question involved in this appeal and which will be considered by this court is whether or not appellants, or any of them, were dependents, in any degree, of Clyde E. Rhoden, deceased, as contemplated by the Workmen's Compensation Act, and were entitled to compensation by reason of his death from injuries received as set out in the claim filed.

The only evidence introduced at the hearing was on behalf of appellants, and that evidence stands indisputed.

It is contended by appellants that when the evidence is all uncontroverted, in order that it may be determined whether or not the appellants are partial dependents of decedent, it is a question of law for this court to decide from a review of the evidence before the Industrial Board. With this

contention we agree. In passing upon a like question as the one involved here, in the case of *King* v. *Illinois Steel Corp.* (1931), 92 Ind. App. 456, 460, 176 N. E. 161, the court said: "But where, as in the instant case, the facts are all uncontroverted, in order that it may be determined what the relation was between appellant and Mabery, there must be applied to the facts, including the inferences and conclusions to be reasonably drawn therefrom, certain legal standards and principles, so a question of law is involved. It follows, therefore, that the ultimate question, where the facts are all uncontradicted, as here, whether appellant is a dependent, is a law question. *Buhner* v. *Bowman* (1924), 81 Ind. App. 395, 143 N. E. 366;" and other citations.

In the case of *Manfield, etc., Co.* v. *Manfield* (1932), 95 Ind. App. 70, 75, 182 N. E. 539, the court said: "There is no dispute about the facts, and therefore the question is one of law."

It was stipulated at the hearing that while in the employ of the defendant at an average weekly wage of $16.50, Clyde E. Rhoden suffered an injury as the result of an accident arising out of and in the course of his employment, of which the defendant had knowledge and furnished medical attention; that the accidental injuries resulted in the death of said Clyde E. Rhoden; that a good faith effort was made to adjust the matters in dispute, and the parties disagreed.

It is therefore incumbent on this court to apply to the uncontradicted facts in this case, legal principles and standards, to determine whether or not as a question of law under the circumstances as detailed by the evidence, appellants, or any of them, are dependents of the decedent as contemplated by the statute.

Tracy Rhoden, one of the appellants, testified sub-

stantially as follows: that he was the father of Clyde
E. Rhoden; that said Clyde E. Rhoden never had been
married and had no children and that at the time of
Clyde's death he (Clyde) was contributing to the sup-
port of the witness; that he depended on him for help,
but that witness had other income and owned his resi-
dence property where he lived; that one year he
(Clyde) contributed all of his wages; that for a year
prior to Clyde's death the witness "expected" he gave
him $4.00, $4.00 or $5.00 a week; that it would aver-
age that; and that Clyde bought principally the coal,
some groceries and helped pay the taxes on the home;
that witness was not able to take care of the bills him-
self and it was necessary that Clyde give him money;
that witness was working on the W. P. A. and was
earning $14.00 a week; that he believed Kenneth, an-
other son, was helping but he was not sure and that
at the time of the accident Clyde was living in Terre
Haute, Indiana, and witness lived at Sanford, Indi-
ana; that at the time of his death there were only three
of the family at home; that at the time of Clyde's
death witness was in good health and had worked
steadily for a year prior thereto. Witness also testi-
fied that Clyde gave money to Ina Rhoden, his mother,
and Kathryn Rhoden, his sister.

Appellant Ina Rhoden testified substantially as fol-
lows: that she was the mother of decedent and he was
25 years old at time of his death; that he gave her
money frequently; gave her $6.00 and as high as
$10.00 for her needs around the house; bought the
coal one winter and gave her money for clothes and
groceries and bought an electric washer. It was neces-
sary that she get money from Clyde to get by on;
that the money from Clyde came in "spurts" and not
every week. That his contributions would average

about $4.00 a week, $4.00 or $5.00 a week to both her husband and herself.

Appellant Kathryn Rhoden testified substantially as follows: that she was a sister to decedent and lived with her father and mother; that at the time of the death of Clyde Rhoden she was about 18 years old and was in her junior year of high school; that he gave her money and bought her clothes and at times went with her to help pick them out; practically every week he gave her money; that he gave her money for entertainment and for lunch sometimes, and that it would average $2.50 or $3.00 a week, basing it on a guess. That he liked for her to dress as other students did and it seemed his pleasure to do it; he wanted her dressed nice and there wasn't anybody else that could keep her up.

There was further evidence that the decedent said he was helping support his family.

Appellants in this case are not included in the group conclusively presumed to be wholly dependent for support upon a deceased employee. The statute, after enumerating the persons who shall be conclusively presumed to be wholly dependent for support upon a deceased employee, provides further: "In all other cases, questions of total dependency shall be determined in accordance with the fact, as the fact may be at the time of the death, and (the) question of partial dependency shall be determined in like manner as of date of the injury."

Unless appellants, or either of them, bring themselves within the purview of the statute by the establishment of sufficient facts as to their dependency, they or either of them are not entitled to compensation under the act.

As has been stated by this court heretofore, our

Workmen's Compensation Act does not define "dependents" aside from those specified by the Act who shall be conclusively presumed to be such. The meaning of the term "dependents," as used in compensation and liability acts has been considered by various courts, and authorities may be found to support various meanings.

In *In re Carroll* (1917), 65 Ind. App. 146, 154, 116 N. E. 844, the court stated: "To confine the inquiry to the question whether the family of the deceased workman could have supported life without any contributions from him, or whether such contributions were absolutely necessary in order that the family might be reasonably maintained, is not a fair test of dependency; but rather the inquiry should include the question whether contributions from the workman were looked to, depended and relied on, in whole or in part, by the family for means of reasonable support. *Howells* v. *Vivian & Sons* (1902), 85 L. T. (Eng.) 529; *Powers* v. *Hotel Bond Co.* (1915), 89 Conn. 143, 93 Atl. 245."

In *In re Peters* (1917), 65 Ind. App. 174, 116 N. E. 848, the Industrial Board certified to this court certain questions of law based upon facts presented in a proceeding before that body requesting the opinion of this court in determining, among other questions, the following: "1. Is the father of the deceased a dependent of the deceased son within the meaning of the Indiana Workmen's Compensation Act?" The statement of facts as submitted by the board was as follows (p. 175): "A, a boy of 17 years of age, was in the employment of B on and prior to the 16th day of February, 1916, at an average weekly wage of $12.75; that on said date he received a personal injury by an accident arising out of and in the course

of his employment, resulting in his instant death; that the employer had actual personal knowledge of the injury and death at the time of the occurrence; that the employee left surviving him a father, 41 years of age, a mother, 40 years of age, a brother, 15 years of age, and a brother, 8 years of age; that the deceased, the father, the mother, and the two brothers were living together as a family at the time of his injury and death; that the father was working and receiving a weekly wage of $15.00; that the father owned no property and had no income with which to support the family except his own wages and the wages of the deceased; that the deceased had been working for two years prior to his death and during all of said time had turned his wages over to his father weekly; that the wages of the deceased and the wages of the father went into a family fund which were used for and were required for the support of the family; that out of said family fund the father supported the whole family, providing a home, clothes and food for the deceased at a probably weekly cost of four dollars.''

In determining the question the court said (p. 178): ''Whether an applicant in any given case is entitled to compensation as a dependent will necessarily be determined from conditions and circumstances disclosed by the evidence. In the facts submitted it is stated that the weekly contributions made by the minor son to his father from his wages were used and required for the support of his family. This fact, taken in connection with other facts stated, would warrant the Industrial Board in drawing the inference that such father was dependent on his deceased minor son within the meaning of the Indiana Workmen's Compensation Act.''

The facts in the above case are similar to those in

the instant case, in so far as the alleged dependency of appellant Tracy O. Rhoden is concerned. In the instant case, decedent was 24 years old at the time of his death, and left surviving him a father, a mother, a sister and a brother. The father, mother, and sister of decedent were living together as a family. The father was working and receiving a weekly wage of $14.00 per week, owned his residence property, but had no income to support the family except his wages and that received from decedent. Decedent started contributing to the support of the family when he was out of school in 1933, and in 1933 contributed his whole salary. He gave appellant Tracy O. Rhoden money for the support of the family, and also paid bills therefor himself and contributed directly to the appellant the sum of $4.00 or $5.00 a week for a year prior to his death. The decedent worked at Terre Haute and lived there, but was at home over the week-ends and sometimes through the week. From the facts established it appears that the contributions made by the decedent to his father were used and required for the support of the family, and taken in connection with all the other facts would preclude a finding other than that appellant Tracy O. Rhoden was a partial dependent on his deceased son within the meaning to be given to the Indiana Workmen's Compensation Act, to the extent of $5.00 a week.

The contributions made to Ina Rhoden, mother of decedent, and to Kathryn Rhoden, his sister, and all the circumstances relating thereto, do not warrant a finding of their dependency in any degree. The contributions given to his sister were gifts and as stated by Kathryn were made for his own pleasure. He no doubt did derive some pleasure in having his sister look as well as the other students,

and in giving her vacation money and in picking out her clothes, but we do not think she was a dependent within the meaning of the Act.

The facts relative to contributions to Ina Rhoden, the mother, are rather hazy. He no doubt, as stated, did give his mother divers sums of money in "spurts" and did buy a washing machine, but the circumstances surrounding these contributions would not warrant a finding of her dependency upon decedent.

We therefore hold, as a matter of law, that the facts in this case establish a state of partial dependency of appellant Tracy O. Rhoden, and that a new hearing should be granted herein, and such an award made as is consistent with this opinion.

Award reversed as to Tracy O. Rhoden, and affirmed as to Ina Rhoden and Kathryn Rhoden.

Bridwell, J., dissenting.