CURRY *v.* ROACH INDIANA CORPORATION

[No. 16,453. Filed November 29, 1939. Rehearing denied January 23, 1940.]

*Edward C. Eikman,* for appellant.

*James L. Murray,* for appellee.

STEVENSON, J.—This appeal is from an award of the Industrial Board of Indiana on a petition filed by the appellant on August 11, 1938, in which he seeks to recover compensation for permanent partial impairment which resulted from an injury which he sustained on August 12, 1936.

The facts regarding the injury were stipulated by the parties and it is sufficient to say that the injury which the appellant suffered was occasioned by an electric shock which he sustained when he accidentally came in contact with an iron pipe which was charged with an electric current. Compensation was first awarded the appellant from the date of the injury until October 7, 1936 for temporary total disability. This compensation period was subsequently extended until January 1, 1937. The appellant was frequently before the board during the two years immediately following the accident on petitions for review on account of change in conditions. The hearing member of the Industrial Board denied compensation on the petition filed August 11, 1938 and found against the appellant on his claim of permanent partial impairment.

From this award of the hearing member, the appellant filed his petition for review by the full Industrial Board and accompanied his application with a verified petition for leave to submit additional evidence. The additional evidence which the appellant desired to submit was the testimony of a doctor who was a recognized authority on the effect of electrical shocks on human beings. In addition to testimony as to physiological reaction brought about by electrical shock, this doctor would have also testified that he found the appellant suffering from a seventy (70%) percent impairment to his entire body, which was occasioned by this accident. The Industrial Board denied the appellant's position requesting the full Board to hear this evidence and, after overruling the motion to reconsider this action, an order was entered denying the appellant compensation.

The appellant assigns as error in this court that the award of the full Industrial Board is contrary to law. In addition to this assignment of error, the ap-

pellant contends that the Industrial Board of Indiana also erred in denying the appellant's petition requesting the full board to hear his additional evidence. The statute involved in this contention is § 40-1511 Burns Indiana Statutes 1933, § 16436 Baldwin's 1934, which reads in part as follows:

> "If an application for review is made to the board within seven (7) days from the date of an award, made by less than all the members, the full Board, if the first hearing was not held before the full Board, shall review the evidence, or, if deemed advisable, hear the parties at issue, their representatives and witnesses as soon as practicable."

It is apparent from a reading of this statute that the matter of hearing additional evidence rests largely within the sound discretion of the Industrial Board. Whether or not the refusal of the board to hear such additional evidence is reversible error must depend therefore on whether or not there was an abuse of such discretion in denying the appellant's petition. *Tallon* v. *Sexton Coal Co.* (1934), 99 Ind. App. 222, 192 N.E. 108; *Blessinger* v. *Olinger* (1933), 97 Ind. App. 636, 187 N.E. 684. We cannot say as a matter of law that the Industrial Board would have been compelled to reach a different conclusion had this offered testimony been admitted. The evidence on the question of the appellant's permanent partial impairment was quite in conflict. Three doctors testified for the appellee. They had examined the appellant frequently from the date he first entered the hospital following the injury until the time of the trial. They testified in detail as to his condition, the examinations whch they had made, and the results of their findings. They testified that the appellant responded to all of their tests normally and in their opinion he was suffering from

no permanent partial impairment as a result from this electrical shock. We cannot say that their testimony was insufficient on which to base a finding that the appellant had suffered no permanent partial impairment as a result of such injury, nor that their findings would have been changed by the offered testimony. *Bell* v. *Mutual Home & Savings Assn.* (1938), 105 Ind. App. 246, 14 N.E. (2d) 738.

It is quite true that there is ample evidence in the record of testimony offered by the appellant, his wife, his physician, and others on which the board might have based an award of compensation. But the testimony of the doctors above referred to is in direct conflict with the appellant's evidence and we cannot say that the doctors' testimony was entitled to no credit. Our Supreme Court in a similar controversy has held directly to the contrary. (See *National Life and Accident Ins. Co.* v. *Martin* (1938), 214 Ind. 218, 14 N.E. (2) 1018.)

It is our opinion, therefore, that the Industrial Board did not abuse its discretion in overruling the petition to permit the introduction of additional evidence and that the award of the board is not contrary to law.

Finding no reversible error, the award is accordingly affirmed.