INDIANA STATE HOUSING ASSOCIATION *v.* CLACK.

[No. 16,901. Filed February 13, 1942.]

*Rae M. Royce*, of Hammond (*Bomberger, Peters & Morthland*, of Hammond, of counsel), for appellant.

*Conroy & Glendening*, of Hammond, for appellee.

FLANAGAN, J.—The Industrial Board made an award to appellee which reads in part as follows:

"It is therefore considered, adjudged and ordered by the Full Industrial Board of Indiana that there is awarded to plaintiff as against defendant compensation at the rate of $16.50 per week beginning May 15, 1940, and continuing during temporary total disability or until terminated in accordance with the provisions of the Workmen's Compensation Law of the State of Indiana."

Appellant contends that this award gives appellee $16.50 per week for each week beginning May 15, 1940, and that the evidence does not show disability prior to October 19, 1940. Appellant concedes the correctness of the award so far as compensation is provided for each week after October 19th.

Appellee contends that this award gives appellee $16.50 per week only for such weeks after May 15, 1940, as he was unable to work and that the evidence shows this disability during seven of the weeks between those dates. It is appellee's theory that the number of

weeks between May 15th and October 19th for which appellee shall receive compensation has not yet been definitely fixed. Appellee concedes that the award is erroneous if it is to be interpreted to give compensation for each week between those dates.

We agree with appellant's contention as to the meaning of the language used in the award. It gives appellee $16.50 per week for each week after May 15, 1940. The award is therefore erroneous.

The evidence is before us. It consists entirely of the undisputed testimony of appellee and we are therefore able to examine it and determine what, if any, time between May 15th and October 19th appellee was disabled.

Disability as used in the workmen's compensation law means inability to work. *Sumpter* v. *Colvin* (1934), 98 Ind. App. 453, 190 N. E. 66; *Peddiford* v. *United Department Stores* (1935), 100 Ind. App. 471, 196 N. E. 342; *Runion* v. *Indiana Glass Company* (1938), 105 Ind. App. 650, 16 N. E. (2d) 961.

The evidence discloses that appellee did lose seven weeks' work between May 15, 1940, and October 19, 1940, but his testimony is that only one of the seven weeks' loss was due to the accident here involved. The loss of work for the other six weeks was due, according to his testimony, solely and entirely to injuries received in an automobile accident in no way connected with his employment. At the time of the automobile accident he was not suffering any disability from his injury which is the basis of the award and after recovering from the automobile accident he returned to work and was able to work for several weeks before he became disabled from the accident and injury which is the basis of the award.

The disability for which compensation is to be paid must be the result of the accident arising out of and in the course of the employment. The undisputed evidence being that appellee suffered only one week of disability resulting from the accident which is the basis of the award, prior to October 19, 1940, it follows that the award should have given compensation beginning October 19, 1940.

Award reversed with instructions to the Industrial Board to amend its award so as to begin compensation October 19, 1940.

NOTE.—Reported in 39 N. E. (2d) 451.