HAYES *v.* JOSEPH E. SEAGRAM & CO.

[No. 27,954. Filed January 11, 1944.]

*Hartell F. Denmore,* of Aurora, for appellant.

*White, Wright & Boleman* and *John E. Bachl,* all of Indianapolis, for appellee.

FANSLER, C. J.—By this action, begun in the Appellate Court, the appellant questions the legality of an award of the Industrial Board denying her compensation for alleged injuries. The case comes here on a petition denominated a petition to transfer, seeking a review of the opinion of the Appellate Court. See *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. (2d) 399.

The appellant questions the sufficiency of the evidence to sustain the award.

The appellant was employed as an inspector of bottled whiskey, which required her to look through lenses under an artical light. She claimed an injury to her eye from using this equipment. The evidence was conflicting. An expert eye specialist testified that her "retinitis" could not be caused by light from the inspection equipment unless there were ultra violet rays in the light, or intense heat generated by the light, and that an examination disclosed that the light contained no ultra violet rays and did not concentrate sufficient heat to affect the eye, and that he did not believe her trouble could be connected with her employment. There was other evidence from which the board might have concluded that the appellant's eye trouble arose from some cause other than the inspection equipment.

The appellant also contends that because appellee's insurance carrier paid her doctor bills, appellee is bound by an admission that her injury arose out of her employment. We see no merit in this contention.

The first hearing of appellant's claim was before a single member of the board. At that hearing two fellow employees were questioned concerning the effect the inspection machine had upon their eyes. An objection to these questions was sustained. There was no offer to prove, and the record does not disclose, what their testimony would have been. At the same hearing an expert was asked a hypothetical question which sought to elicit his opinion as to the cause of appellant's eye trouble under certain circumstances, including the conclusion that the machine had had an injurious effect upon the eyes of other em-

ployees. Objection was sustained to this question, and there was no offer to prove. The hearing member found for the appellant. There was a hearing by the full board upon the record of the evidence taken before the hearing member, and without additional evidence. The appellant did not reoffer the excluded evidence at the hearing before the full board, and made no effort to procure its submission to or consideration by the full board. The hearing before the full board is regarded as a proceeding *de novo*. *Warren* v. *Indiana Telephone Co., supra; Russell et al.* v. *Johnson et al.* (1943), 220 Ind. 649, 46 N. E. (2d) 219. There is full opportunity to present before the full board any and all evidence that may have been rejected by a hearing member. The hearing before the full board supersedes the hearing before the single member. The review by the court is a review of the proceedings before the full board, and unless the record discloses an offer to introduce evidence before the full board which is rejected, no question is presented to the court and no complaint can be heard upon the rejection of such evidence. *Rhoden et al.* v. *Smith & Decker Electric Co.* (1939), 107 Ind. App. 152, 23 N. E. (2d) 306.

The decision of the Appellate Court is affirmed.

NOTE.—Reported in 52 N. E. (2d) 356.