## SCHOOL CITY OF HAMMOND v. MORIARITY

[No. 17,999. Filed June 29, 1950. Rehearing denied October 17, 1950. Transfer denied December 12, 1950.]

Draper, J., not participating.

*Hulbert & Marlatt,* of Gary, for appellant.

*Guy W. Slaughter* and *Straley Thorpe,* both of Hammond, for appellee.

MARTIN, J.—This is an appeal from an award of compensation by the Industrial Board of Indiana. This same case was before the court and reported in *School City of Hammond* v. *Moriarity* (1949), 119 Ind. App. 206, 85 N. E. 2d 273. The above decision established the law of this case on the questions therein determined. *Doyle* v. *Paul* (1949), 119 Ind.

App. 632, 86 N. E. 2d 98; *Daugherty et al.* v. *Daugherty et al.* (1949), 119 Ind. App. 180, 83 N. E. 2d 485.

In the *School City of Hammond* v. *Moriarity, supra,* the court said:

> "The record in this case discloses there is no evidence that appellee was the widow of decedent at the time of his death. To sustain the award it is incumbent on appellee to prove her dependency. There is no merit in her contention that the verified Form 10, which was her application for compensation, is evidence of this fact. It is apparent this was an inadvertent omission which appellee should have the opportunity to correct.
>
> "We are of the opinion the interests of justice require this case be remanded to the Industrial Board with instructions for further proceedings in accord with the views expressed herein."

When the above case was reversed and remanded to the Industrial Board of Indiana for further proceedings it became discretionary with the Industrial Board of Indiana as to just what proceedings would be, and the further proceeding conducted and its action will not be disturbed on this appeal unless the record shows an abuse of discretion. *Curry* v. *Roach Indiana Corp.* (1939), 107 Ind. App. 405, 23 N. E. 2d 598; *Tallon* v. *Sexton Coal Co.* (1934), 99 Ind. App. 222, 192 N. E. 108; *Blessinger* v. *Olinger* (1933), 97 Ind. App. 636, 187 N. E. 684; *Crickmore* v. *Pattison* (1931), 92 Ind. App. 309, 175 N. E. 138; *Riley* v. *Hunt* (1927), 85 Ind. App. 647, 155 N. E. 523; *Consumers Co.* v. *Ceislik* (1919), 69 Ind. App. 333, 121 N. E. 832.

The assignment of error in this court is that the award of the Full Industrial Board of Indiana is contrary to law.

The powers of the Industrial Board of Indiana are fully defined in § 51, Burns' 1940 Replacement (1949

Supp.), § 40-2108 and again in § 55, Burns' 1940 Replacement, § 40-1506.

The board is generally authorized to adopt rules for carrying out the provisions of the Workmen's Compensation Act and the Workmen's Occupational Disease Act and more specifically authorized in connection therewith to hear, determine, and review all claims for compensation under either act.

Under the 1945 Administrative Regulation Act, Burns' 1943 Replacement (1949 Supp.), § 60-1501 the Industrial Board of Indiana is required to publish its rules, and those published rules are given the force and effect of law. Rule 18, adopted by the Industrial Board of Indiana under date of August 10, 1949 reads as follows:

> "The facts upon review by the Full Board will be determined upon the evidence introduced in the original hearing, without hearing new or additional evidence, at the discretion of the Industrial Board. The party desiring to introduce new or additional evidence shall file an affidavit setting forth therein the names and residences of the witnesses he wishes to have testify before the Full Board, the facts to which they will testify, or, if the new evidence be documentary, then a copy of the document he proposes to introduce setting forth a good reason for failure to introduce such evidence at the original hearing.
>
> "If such petition should be granted, the opposing party shall have the right to introduce such additional evidence as may be necessary in rebuttal. Thirty minutes will be allotted each side for the presentation of its case."

Under the provisions of the above section at the discretion of the Industrial Board upon a review before the Full Board it may hear new and additional evidence.

When the original case was reversed and remanded to the Industrial Board of Indiana it made the following order:

"IT IS THEREFORE CONSIDERED AND ORDERED by the Full Industrial Board of Indiana that the said cause should be and the same is hereby remanded to a hearing before the Full Industrial Board of Indiana at Indianapolis, Indiana, for the sole purpose of hearing further evidence concerning the plaintiff's dependency, if any, in said cause.

"Dated this 1st day of June, 1949.

"FULL INDUSTRIAL BOARD OF INDIANA

"BY: (Signed) Maurice T. Harrell
" (Signed) Max Schafer
" (Signed) Rob R. McNagny
" (Signed) Ramon J. Hitch
" (Signed) Joseph P. Miller"

The appellant filed a motion to amend the order by striking and deleting therefrom the following words and parts:

"(a) ... 'for the sole purpose of hearing further evidence as to plaintiff's dependency in said cause.' "

The Industrial Board of Indiana denied said motion. It is our opinion that the Industrial Board of Indiana did not abuse its discretion in denying said motion.

The appellant contends that the Industrial Board of Indiana erred in denying his motion that the cause be heard de novo. The appellant was not harmed by this ruling since the board in its award that is now at bar before the court reads in part as follows:

"Be it remembered, that pursuant to notice fixing the time and place therefor, this cause was called for hearing and review before the Full Industrial Board of Indiana . . . ."

Hearings before the Full Board are regarded as a proceeding de novo. *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399; *Russell* v. *Johnson* (1943), 220 Ind. 649, 46 N. E. 2d 219.

The board reviews the evidence introduced in the original hearing and also in its discretion hears additional evidence.

The appellant contends that the ruling of the board denying him the right to make objections to the admission of evidence, and motion to strike certain evidence from the record that was taken before the single member in the original hearing was error.

The defendant's objections to the admission of evidence before the single hearing member, and also motion to strike certain evidence taken before the single member, in the original hearing, came too late and were waived, since they were not made before the Full Industrial Board of Indiana on appeal to the Full Industrial Board from the original award made by the single hearing member. *Hayes* v. *Joseph E. Seagram & Co.* (1944), 222 Ind. 130, 52 N. E. 2d 356; *Rhoden et al.* v. *Smith, etc. Electric Co.* (1939), 107 Ind. App. 152, 23 N. E. 2d 306; *McGill Mfg. Co., Inc.* v. *Dodd* (1945), 116 Ind. App. 66, 59 N. E. 2d 899.

We consider the evidence sufficient to support the findings.

Award affirmed, with the statutory five per cent increase.

Draper, J., not participating.

NOTE.—Reported in 93 N. E. 2d 367.