WILSON *v.* BETZ CORPORATION ET AL.

[No. 19,047.  Filed December 19, 1957.  Rehearing denied
January 24, 1958.]

*Dominic P. Sevald* and *Sevald & Sevald,* of Hammond, for appellant.

*Spangler, Jennings & Spangler,* of Gary, for appellees.

COOPER, J.—This is an appeal from an award of the Full Industrial Board favoring appellant herein.

The proper error is assigned by the appellant, namely that "The award of the Full Industrial Board is contrary to law."

The record before us reflects that on the 15th day of June, 1955, the appellee herein filed with the Industrial Board their "Employer's First Report of Injury" and on the same date the appellant and appellees herein also filed their agreement as to compensation and that the same was approved by said Board.

The record reflects that all payments were made under said agreement as to temporary total disability and that said temporary total disability terminated on June 27, 1955.

The record further shows that the appellant on the 27th day of June, 1956, filed with the Industrial Board her form No. 14 requesting a review upon the basis of a change of conditions upon the following grounds: (1) That said injury has resulted in a permanent partial impairment; (2) That said permanent partial impair-

ment has increased since the date of said award; (3) Inability to engage in the same or similar employment.

The usual hearing was before a Single Board Member as to the matters averred in appellant's form No. 14. At the conclusion of the evidence, the hearing member entered the usual finding of facts and made an award allowing appellant compensation of $32.40 per week for forty (40) weeks permanent partial impairment to the woman as a whole, and, thereafter, the appellant, within the time fixed by the statute, filed her form No. 16 praying for a review before the Full Board of the original award.

The record also shows that prior to the review before the Full Board, the appellant filed a petition with the Board, the pertinent parts averring in substance that the claimant suffered total permanent disability which resulted in her inability to work and engage in the same or similar kind or character of work at the time that she received her injuries, and that at the hearing before the Single Board Member the testimony was restricted to expert medical testimony concerning her injuries, and that she be granted permission to produce to the Full Board all evidence necessary to sustain said issue and claim.

Thereafter, the record shows that on the 8th day of May, 1957, the Full Industrial Board made its finding and award. These findings, in substance, after reciting the facts in reference to the temporary total disability and payment of compensation therefor, state that as a result of the accident injury, she had sustained a twelve (12%) percent permanent partial impairment of the woman as a whole. It found appellant's petition to produce additional evidence should be denied.

The Full Board then made an award granting her compensation of $32.40 per week for sixty (60) weeks

for such permanent partial impairment. This appeal followed.

The first proposition advanced by the appellant is the uncontradicted evidence discloses that appellant has sustained permanent injuries resulting in her impairment as a person as a whole to the extent of thirty (30%) percent instead of the twelve (12%) percent found by the Full Board. Upon this proposition, the appellant is mistaken. A review of the evidence affirmatively shows that the medical testimony as to permanent impairment to a person as a whole is conflicting as we hereinafter show. Dr. Speigel, a witness for the appellant, testified:

"Q. Doctor, have you an opinion, based upon what you have stated and testified to, as to the percentage of her impairment as a person as a whole?

"A. I have an opinion.

"Q. What is that opinion?

"A. I would compute it at thirty percent of the person as a whole."

Dr. Jahns, witness for the appellees, testified as follows:

"Q. Now, Doctor, do you have an opinion as to the permanent partial impairment to the back, I mean, permanent partial impairment to the person as a whole?

"A. I don't believe this patient has any permanent partial impairment as a whole because of ligamentous strain to the lumbar spine."

Under such conflicting evidence, it was the duty of the Industrial Board as the trier of the facts, to determine whether or not the appellant suffered a permanent partial impairment of the person as a whole, and, in such a case, the Industrial Board is to determine the degree of such permanent partial impairment. See §40-1303, sub-section (b) (6),

Burns' Stat., 1952 Replacement; also, *Gen. Accident, etc., Assurance Corp.* v. *Waldon* (1950), 121 Ind. App. 1, 94 N. E. 2d 487; *Burton-Shields Co.* v. *Steele* (1949), 119 Ind. App. 216, 83 N. E. 2d 623; Vol. 3, West's Indiana Digest, §792.

In determining the correctness of the finding of the Industrial Board on appeal to this court, we must, of course, accept only the evidence most favorable to the appellees. *U. S. Steel Corp.* v. *Douglas et al.* (1955), 125 Ind. App. 212, 123 N. E. 2d 899. This court will not disturb a finding of fact made by the Industrial Board unless the evidence, with all reasonable inferences deducible therefrom, is of such conclusive nature as to force a contrary decision. *Heflin* v. *Red Front Cash & Carry Stores, Inc.* (1947), 225 Ind. 517, 75 N. E. 2d 662. We cannot weigh the evidence, and, if there is any evidence of probative force to sustain the award, considering only the evidence most favorable to the appellees, it is our duty to sustain the Industrial Board. *Logan* v. *Acme Machine Products Div.* (1942), 110 Ind. App. 556, 39 N. E. 2d 797.

The second proposition advanced by the appellant is based upon the theory that the Full Board failed and refused to decide the tendered issue of the inability of the appellant to return to work and to engage in the same or similar occupation. It is true that a mere temporary or intermittent improvement in condition will not terminate the compensation period, the presumption being that the injured party is entitled to compensation until the injured party is able to resume work of the same general character as that they were doing at the time of their injury. *Swift & Co.* v. *Bobich* (1928), 88 Ind. App. 64, 163 N. E. 232, and authorities cited.

The record affirmatively reveals that the Industrial

Board in their finding of fact found that the appellant's condition "has now reached a permanent and quiescent state" and further found " . . . the plaintiff's temporary total disability on account of the said accidental injury terminated on June 28, 1955." (The record reveals that the appellant returned to work and worked for nine weeks, but on the 18th of November, 1955, quit because of pain in back; had been back to see employers about work since and was advised that they would let the appellant know if they had a job for her.)

The appellant's third proposition of argument maintains that the Full Industrial Boad abused its discretion in denying the appellant the right to introduce additional evidence during its review of the hearing board member finding and award. This, of course, was a matter within the Board's sound discretion, and, unless abused, its exercise of such discretion is not subject to review. *Blessinger* v. *Olinger* (1933), 97 Ind. App. 636, 187 N. E. 684; *Flinn* v. *Hartley* (1933), 96 Ind. App. 320, 184 N. E. 915. This is especially true where an examination of the appellant's petition indicates that the additional evidence she sought to introduce was cumulative and corroborative in nature. *Steele* v. *Anderson Company* (1956), 126 Ind. App. 445, 133 N. E. 2d 896. Furthermore, the record before us does not reflect an offer to prove on behalf of the appellant before the Full Industrial Board. If an offer to prove is not made to the Full Board concerning rejected evidence, no question is presented for appeal. *Hayes* v. *Joseph E. Seagram & Co.* (1944), 222 Ind. 130, 52 N. E. 2d 356; *Rhoden et al.* v. *Smith, etc. Elec. Co.* (1939), 107 Ind. App. 152, 23 N. E. 2d 306.

Award affirmed.

NOTE.—Reported in 146 N. E. 2d 570.