JENKINS *v.* PULLMAN STANDARD CAR MANUFACTURING CO.

[No. 19,020.   Filed February 17, 1958.]

*Leslye S. Stallworth,* of Michigan City, for appellant.

*Thomas C. Mullen,* of Michigan City, for appellee.

COOPER, J.—This is an appeal from an award of compensation by the Industrial Board of Indiana. This case was previously before this court and was remanded to the Industrial Board for further proceedings. See *Jenkins* v. *Pullman Standard Car Manufacturing Co.* (1957), 127 Ind. App. 173, 139 N. E. 2d 566. The above decision established the law of this case on the questions therein determined. *School City of Hammond* v. *Moriarity* (1950), 120 Ind. App. 663, 93 N. E. 2d 367; *Doyle* v. *Paul* (1949), 119 Ind. App. 632, 86 N. E. 2d 98; *Daugherty* v. *Daugherty* (1949), 119 Ind. App. 180, 83 N. E. 2d 485.

In the original opinion, Judge Crumpacker, speaking for the court in remanding said cause, stated:

"Thus from the whole record we are of the opinion that the question of the appellant's permanent partial impairment and the degree thereof was an issue in this case and should have been specifically determined by the board."

It is the general rule of law that when a cause is

remanded to the Industrial Board for further proceedings, it becomes discretionary with said Board as to just what the proceedings will be, and its further proceedings so conducted and its action will not be disturbed on this appeal, unless the record shows an abuse of discretion. *School City of Hammond* v. *Moriarity, supra,* and authorities cited.

Under such circumstances, the Full Board may, in its discretion, hear evidence additional to that reviewed by it. *School City of Hammond* v. *Moriarity, supra,* p. 669.

The record now before us affirmatively shows that in conformity with the mandate of this court in our original opinion, the Full Industrial Board reviewed the evidence introduced in the original hearing and the majority of said Board made the following additional and pertinent finding:

> "It is further found that the plaintiff did not sustain any permanent partial impairment on account of the said accidental injury."

The appellant's valid assigned error in this appeal is, (1) The award of the Full Industrial Board of Indiana is contrary to law. *LaReau* v. *Teibel* (1956), 127 Ind. App. 92, 138 N. E. 2d 153.

The burden of proving that the petitioner sustained permanent partial impairment by reason of the said accidental injury occurring on or about the eighth day of October, 1953, was, of course, upon the petitioner. *George* v. *Interstate Metal Products, Inc.* (1955), 125 Ind. App. 406, 126 N. E. 2d 258; *Myers* v. *Oak Hill Coal Co.* (1937), 103 Ind. App. 158, 5 N. E. 2d 653; *Union Sanitary Mfg. Co.* v. *Davis* (1917), 64 Ind. App. 227, 115 N. E. 676. By its finding, the majority of the Full Industrial Board found that the petitioner did not maintain that burden.

The record discloses considerable conflict in the medical testimony on the question as to whether a permanent partial impairment did, in fact, exist, and, if so, the cause thereof. It appears that, contrary to the advice of a physician, the appellant submitted to surgical treatment, namely, a laminectomy. There appears much conflict in the evidence as to the necessity, advisability and productive effect of such surgery and whether it may not have actually resulted in an adverse condition.

The disability for which compensation is to be paid under the Workmen's Compensation Act must be the result of the accident arising out of and in the course of the employment. *Indiana State Housing Association* v. *Clack* (1942), 110 Ind. App. 504, 507, 39 N. E. 2d 451.

In the case of *Myers* v. *Oak Hill Coal Co., supra,* p. 164, this court said:

> "In the case of *Swing* v. *Kokomo Steel, etc. Co.* (1920), 75 Ind. App. 124, 130, 125 N. E. 471, and cases cited therein, the court said: 'And the Industrial Board, in determining whether such burden has been discharged, may not only weigh the evidence but may also draw reasonable inference from such facts as it deems established thereby. When the Industrial Board has discharged its duty in this regard, and has reached a conclusion as to the ultimate facts which have or have not been established, and has embodied such conclusion in finding of facts as the statute requires, this court must accept the facts so found as true, unless the evidence is of such a conclusive character as to force a contrary conclusion.' The court further said, citing authorities (p. 131) : 'However, in order to reach a contrary conclusion, we may not weigh the evidence, nor may we disregard any reasonable inferences which the Industrial Board may have drawn from the facts which evidence tends to establish.' " See also, *Heflin* v. *Red Front Cash & Carry Stores, Inc.* (1947), 225 Ind. 517, 75 N. E. 2d 662; *Logan* v.

*Acme Machine Products Div.* (1942), 110 Ind. App. 556, 39 N. E. 2d 797.

The appellant in his brief charges that the action of the Full Board in refusing to act upon a "Petition to Amend Title of a Cause to Show Interested Party" was an abuse of discretion. This petition requested the Board to make and include a new party in said litigation. The record before us affirmatively shows that said Petition was not filed with the Industrial Board until after the Industrial Board had made its final finding and award.

We deem it unnecessary to cite authority to the proposition that an effort to add additional and ■ new parties to the action after the Industrial Board has rendered its final finding and award, comes too late.

We cannot say that the finding and order of the Industrial Board is contrary to law.

Award affirmed.

NOTE.—Reported in 147 N. E. 2d 912.