BURTON *v.* ROCK ROAD CONSTRUCTION COMPANY.

[No. 20749. Filed November 20, 1969. Rehearing denied December 12, 1969. Transfer denied March 17, 1970.]

*Peter B. Stewart, Stewart, Irwin, Gilliom, Fuller & Meyer,* of Indianapolis, for appellant.

*Geoffrey Segar, Edward J. Ohleyer, Ice, Miller, Donadio & Ryan,* of Indianapolis, for appellee.

WHITE, J.—This Workmen's Compensation case is here on appeal for the second time.

On June 15, 1964, the appellant was injured by accident arising out of and in the course of his employment by appellee. On September 30, 1965, a single member of the Industrial Board heard the appellant's Form No. 9 Application and made an award that the appellant take nothing after finding that no compensable temporary total disability and no permanent partial impairment resulted from the injury. On review the Full Industrial Board made the same findings and same nega-

tive award. Appellant appealed that award to this court on September 25, 1967. Division I of this court handed down its decision on April 8, 1968. (See 142 Ind. App. 458, 13 Ind. Dec. 671, 235 N. E. 2d 210). The Full Board's negative findings as to temporary total disability and permanent partial impairment were affirmed. However, the court agreed with appellant's contention that the Board was in error in failing to make a finding on permanent total disability. The cause was remanded to the Board with direction to make a proper finding on the issue of permanent total disability.

After remand, on April 15, 1968, appellant petitioned the Board for a new hearing for the purpose of introducing additional evidence as to appellant's alleged total permanent disability. The additional evidence is not alleged to be newly discovered evidence in existence at the time of the original hearing but was to be the testimony of doctors and psychologists who had treated and examined appellant since that time. The petition was denied. On the evidence already before it the Full Board found that the injury did not result in permanent total disability. A new award denying compensation was then entered.

In the present appeal it is asserted that the Board abused its discretion by arbitrary and capricious action in denying appellant the opportunity to introduce additional evidence regarding appellant's alleged permanent total disability. Appellant contends that the Industrial Board could not accurately determine whether appellant is permanently and totally disabled without testimony of his present condition. Appellant also sought by a new hearing to correct alleged errors in the transcript of the original testimony.

Arbitrary and capricious action has been defined by this court as ". . . willful and unreasonable action, without consideration and in disregard of the facts or circumstances of the case; action taken without some basis which would lead a reasonable and honest man to such

action * * *" *State Bd. of Tax Commissioners* v. *Traylor*, 141 Ind. App. 324, 228 N. E. 2d 46, 50 (1967), citing *State Bd. of Tax Commissioners* v. *Chicago, etc. R. Co.*, 121 Ind. App. 302, 96 N. E. 2d 279 (1951).

The question presented by this appeal is whether the action of the Industrial Board in excluding additional evidence was arbitrary and capricious as above defined. If it was not, we can not reverse. *City of Evansville* v. *Nelson*, 245 Ind. 430, 443, 199 N. E. 2d 703 (1964), and cases cited therein.

It has been held that on remand, the Industrial Board has the discretion to decide what the further proceedings will be and, except to the extent it may have been mandated so to do, whether it will hear additional evidence. *Jenkins* v. *Pullman Standard Car Manufacturing Co.*, 128 Ind. App. 260, 147 N. E. 2d 912 (1958), citing *School City of Hammond* v. *Moriarity*, 120 Ind. App. 663, 93 N. E. 2d 367 (1950).

There may well be cases in which the passage of time affords the allegedly injured employee an opportunity to present a better case than he was able to present at his original hearing. Where, for instance, the plaintiff-employee claims to suffer a total permanent disability resulting from an accident arising out of and in the course of his employment, it is quite likely that he will be seen by additional doctors as time goes on and/or that the doctors who testified at the original hearing will accumulate more knowledge of his condition from their continued observations. If, on the first hearing, he failed to prove to the board that his condition was what he claimed it to be or failed to prove that it resulted from an accident which arose out of and in the course of his employment, he may well believe every year or so thereafter that if he had a new hearing the new testimony would convince the Board that his condition was compensable and in some cases that may be true. No doubt a plausible argument could be made for a change in the law to allow persons in that

situation to present new evidence from time to time for new determinations of their entitlement or non-entitlement to compensation.[1] But the pertinent fact is that such an argument can be made with equal force for *all* unsuccessful compensation claimants whose continuing conditions give rise to the possibility that new hearings could result in correction of prior findings through new enlightenment gained from a longer period of medical observation. And no reason has been shown why this new hearing opportunity, not now available to all such unsuccessful claimants, should be made available to this particular appellant merely because the full board failed to make a written finding on one issue in a decision which would have been final had that finding been then made.

Appellant misinterprets the prior mandate of this court. It was merely "to make a proper finding or findings based upon the issue of permanent total disability and to enter an award upon such findings." We had already, in that opinion, approved the Full Board's finding that plaintiff "is not temporarily totally disabled on account of said accidental injuries at this time" and that such "injury has reached a permanent and quiescent state and has resulted in no permanent partial impairment." There was no direction that these findings be disturbed; they were treated as final. But there was recognition that a finding had not been made on the issue of permanent total disability; an issue which the judges who participated in that opinion quite obviously believed was ripe for finding and decision as of the time the other issues were determined and on the same evidence. The opinion even quotes from *Cole* v. *Sheehan Construction Co.,* 222 Ind. 274, 281, 53 N. E. 2d 172 (1944), to the effect that the court cannot make the finding omitted by the board (as this court had attempted in *Cole* v. *Sheehan,* 51 N. E. 2d 391) but should remand the case to the board "to discharge its

---

[1] We are not to be understood as suggesting that such a change would be desirable. There is much to be said for the practical necessity of bringing all litigation (whether administrative or judicial) to a final conclusion at some point.

statutory duty by finding the essential facts, and by entering an award based thereon." It could hardly be clearer that this was all that we directed the board to do when we remanded this case to it on April 8, 1968. But it was made clearer when on May 13, 1968, we denied appellant's petition to this court to modify our mandate of April 8, 1968, "so that it includes an order directing the Industrial Board to entertain a new hearing if either side requests the same." We there found that the petition should be directed to the board.

This is not a case similar to *School City of Hammond* v. *Moriarity*, 119 Ind. App. 206, 85 N. E. 2d 273 (1949), in which the board awarded compensation to a claimant as the widow of a deceased employee without there being any evidence in the record that she was the widow, which the court attributed to "inadvertent omission which appellee should have the opportunity to correct." There followed a remand "with instructions for further proceedings in accord with the views expressed herein." The Full Board held a dependency hearing and made a new award to the widow which was affirmed on the second appeal. *School City of Hammond* v. *Moriarity*, 120 Ind. App. 663, 93 N. E. 2d 367 (1950).

Nor does it bear any similarity to *International Detrola* v. *Hoffman*, 224 Ind. 613, 70 N. E. 2d 844 (1947), wherein it is apparent that neither counsel, the Industrial Board, nor the Appellate Court (see 66 N. E. 2d 905) were aware that a finding fixing the date on which the injury (permanent partial impairment) became compensable was jurisdictional. The board had not made such a finding and unless that date was within two years of appellee's filing of his claim for compensation for the permanent partial impairment, the board was without jurisdiction. It is little wonder under those circumstances that in mandating the Appellate Court to direct the board to make such finding the Supreme Court also instructed the Appellate Court to direct the board to receive additional evidence on that issue if either party requested that privilege.

Appellant has cited no case in which evidence of the plaintiff's physical condition *after* the original hearing was either received by the board or ordered by the court to be received.

As for the alleged errors in reporting the evidence at the original hearing, whatever remedy appellant may have originally had, has been waived for failure to raise the question before the Full Board prior to the first appeal and to make it a part of his first appeal. *School City of Hammond* v. *Moriarity, supra,* (120 Ind. App. 663, 669, 93 N. E. 2d 367) ; *McGill Mfg. Co. Inc.* v. *Dodd,* 116 Ind. App. 66, 68, 59 N. E. 2d 899 (1945) ; *Hayes* v. *Joseph E. Seagram & Co.,* 222 Ind. 130, 133, 52 N. E. 2d 356 (1944).

Finding that the award of the Full Industrial Board of Indiana is not contrary to law, we affirm and assess costs against appellant.

Pfaff, C.J., Hoffman and Sharp, JJ., concur.

NOTE.—Reported in 252 N. E. 2d 445.