MOORE *v.* STATON

[No. 18,014. Filed May 23, 1950.]

Draper, J., not participating.

*Barrett, Barrett & McNagny,* of Fort Wayne, for appellant.

*Nemeth & McGowan,* of South Bend, for appellee.

MARTIN, J.—The appellee filed a Form 9 application with the Industrial Board of Indiana, claiming workmen's compensation from the appellant for injury to his left arm as a result of an accidental injury that occurred on January 10, 1948.

The evidence shows that the appellee had two previous injuries to his left arm, one in 1934 or 1935 and the other in 1946.

The evidence shows that as a result of these previous accidental injuries, the appellee had a permanent partial impairment to his left arm.

The findings of fact by the Full Industrial Board with respect to the permanent partial impairment is set out in the award as follows:

> "It is further found that following said injury which was in the nature of a renewal and aggravation of an old fracture below plaintiff's left elbow" . . .
>
> "It is further found that as a result of his said accidental injury of January 10, 1948, and its aggravation of a preexisting condition plaintiff has sustained a seventy percent (70%) permanent partial impairment of his left arm as a whole, and is entitled to compensation therefor."

Section 40-1305, Burns' 1940 Replacement (1949 Supp.) reads as follows:

> "If an employee has sustained a permanent injury either in another employment, or from other

cause or causes than the employment in which he received a subsequent permanent injury by accident, such as specified in Section 31 (§ 40-1303), he shall be entitled to compensation for the subsequent permanent injury in the same amount as if the previous injury had not occurred: Provided, however, that if the permanent injury for which compensation is claimed, results only in the aggravation or increase of a previously sustained permanent injury or physical condition, regardless of the source or cause of such previously sustained injury or physical condition, the board shall determine the extent of the previously sustained permanent injury or physical condition as well as the extent of the aggravation or increase resulting from the subsequent permanent injury, and shall award compensation only for that part of such injury or physical condition resulting from the subsequent permanent injury. Provided further, however, that amputation of any part of the body or loss of any or all of the vision of one or both eyes shall be considered as a permanent injury or physical condition. (Acts 1929, ch. 172, § 33, p. 536; 1945, ch. 284, § 2, p. 1261)"

This statute was amended in 1945 and is a distinct departure from the law as it existed before its amendment. Under the former law, the sum total of the prior condition and the increase or aggravation thereof by a subsequent injury was compensable. The amendment is contained in the first proviso found in the above section and the facts in this case present a case clearly within the provisions within the amendment.

The appellee had sustained former injuries that had resulted in permanent partial impairment in his left arm and this condition existed before the accident referred to in the appellee's application.

The statute imposes on the Full Board the obligation to make and file a finding of facts upon which an award is based. § 40-1511, Burns' 1940 Replacement.

The Full Industrial Board, however failed to find and determine the extent of the previously sustained permanent injury or physical condition and likewise failed to find and determine the extent of the increase thereof caused by the accidental injuries referred to in appellee's application herein.

It is thoroughly established under our law that the Industrial Board must make a finding of facts on every issue presented to it. *Northern Ind. Power Co.* v. *Hawkins* (1925), 82 Ind. App. 552, 146 N. E. 879; *Cole* v. *Sheehan Construction Co.* (1944), 222 Ind. 274, 53 N. E. 2d 172; *International Detrola Corp.* v. *Hoffman* (1947), 224 Ind. 613, 70 N. E. 2d 844; *Guevara* v. *Inland Steel Company* (1949), 120 Ind. App. 47, 88 N. E. 2d 398.

This cause is remanded to the Industrial Board of Indiana and said board is directed to discharge its statutory duty by making findings on the essential facts, and by entering an award based thereon.

Draper, J., not participating.

NOTE.—Reported in 92 N. E. 2d 564.