JENKINS *v.* PULLMAN STANDARD CAR MANUFACTURING CO.

[No. 18,896. Filed January 22, 1957.]

*Leslye S. Stallworth,* of Michigan City, for appellant.

*Thomas C. Mullen,* of Michigan City, for appellee.

CRUMPACKER, J.—Upon the appellant's application for compensation covering personal injuries sustained by reason of an accident arising out of and in the course of his employment by the appellee, the Industrial Board found the appellant to have been temporarily totally disabled by said accident and awarded him compensation therefor at the rate of $30.00 per week for a period of 12 weeks together with medical and hospital expenses in the sum of $449.55.

The appellant charges error in this award in two respects. First, he says that he sought compensation for

a permanent partial impairment of his person as a whole resulting from the accident, and the Industrial Board made no finding and award either for or against said impairment. Second, he contends that, as the direct consequence of said accident, he submitted to surgery at the hands of Dr. J. L. Ebin who charged $450.00 for his services and those of his assistant which charge was paid by the labor union to which the appellant belongs but notwithstanding the fact that he sought to have said union reimbursed therefor, the Industrial Board made no finding whatever in respect to the validity of such claim and made no award concerning the same.

In answer to the appellant's first contention the appellee says no issue of permanent partial impairment was tendered by the pleadings and the board was not required to make a finding and award in respect thereto. Answering the appellant's second proposition, the appellee contends if the appellee's union had any right to relief growing out of the transaction here involved its representatives should have been joined as parties to these proceedings. That they were not so joined and therefore the board had no issue before it concerning the union's right to be reimbursed for the money paid to Dr. Ebin and his assistant for their services to the appellant.

I.   Was the issue of the appellant's permanent partial impairment as a whole man tendered to the Industrial Board for decision? If it was, recent decisions of both this and the Supreme Court require that the cause be remanded to the Industrial Board for a specific finding of facts on the issue and an appropriate award. *Moore* v. *Staton* (1950), 120 Ind. App. 339, 92 N. E. 2d 564, and cases cited. There can be no controversy over the proposition that whether or not the appellant has suffered a permanent partial impairment of his person is an issue of fact. Sec. 2-1202, Burns' 1946

Replacement, provides that an issue of fact arises when a material allegation in the complaint is denied by the answer. The only allegation in the appellant's application for compensation describes the harm suffered as "permanent partial disability." An examination of pertinent sections of the Workmen's Compensation Act, §§40-1301 to 40-1308, inclusive, Burns' 1952 Replacement, clearly indicates that "permanent partial disability" is not recognized as a compensable injury. The act provides compensation for temporary total disability, temporary partial disability, permanent injuries to the body as a whole or some member thereof by amputation or loss of use, total permanent disability and permanent disfigurement but nowhere is "permanent partial disability" mentioned or any schedule set up for its compensation. This seems logical to us as it is difficult to conceive how one can be permanently partially disabled, after his injuries have become quiescent, unless some loss of function of some part of the body as a whole has resulted. We think the legislature realized this when it provided compensation for permanent partial impairment and none for "permanent partial disability." It regarded the two injuries as one and the same and therefore we are constrained to hold that the appellant, by alleging in his application for compensation that his injuries resulted in a "permanent partial disability" tendered the issue of permanent partial impairment of his whole body or some member thereof to the board for decision. It also seems apparent, from an examination of the record, that the parties themselves as well as the board took this view of the issue. The appellant introduced and the board entertained evidence concerning the degree of his permanent partial impairment and during the trial counsel for the appellee stated his understanding of the tendered issue in the following words: "The question is whether or not there is an impairment and

the degree of impairment if impairment exists. That is predicated on loss of function of the body as a whole in this case, and I think we would like the doctor to first state the facts on which his opinion is based." Thus from the whole record we are of the opinion that the question of the appellant's permanent partial impairment and the degree thereof was an issue in this case and should have been specifically determined by the board.

II.  Should the appellee be required to reimburse a third party, a stranger to this litigation, who voluntarily paid medical bills incurred by the appellant as a result of his injury? By the great weight of authority in actions against tort feasors an injured person is entitled to recover for medical services rendered him even if gratuitous, or paid for by a third party, on the theory that, while such services or payment is a gift for his benefit, it is one of the elements of his injury and it is no concern of the tort feasor that he has benefited by such gift. *Acme-Evans Co.* v. *Schnepf* (1938), 105 Ind. App. 475, 15 N. E. 2d 742, 14 NACCA Law Journal 321. It would seem at first blush that the elements of legal recovery, having in mind the liberal purposes of the Workmen's Compensation Act, should not be more restricted in cases before the Industrial Board than in the ordinary civil action for damages resulting from the negligence of another. It must be borne in mind, however, that in the present case the appellant is not seeking to be reimbursed personally for money paid in discharge of Dr. Ebin's services but rather asks that the labor union, who paid the bill, be given an award against the appellee for the recovery of the amount so paid. Said union is not a party to this litigation and as far as the record discloses is not seeking reimbursement.

The Workmen's Compensation Act expressly author-

izes the Industrial Board to adopt reasonable rules governing its procedure and when so adopted such rules are a part of the law and just as binding as the express provisions of the act. The board's Rule 7 provides that: "All persons should be joined as plaintiffs in whom any right to any relief, arising out of the same transaction, is alleged to exist. If any such person should refuse to join as a plaintiff, he should then be joined as a defendant and the fact of his refusal to join as a plaintiff should be stated in the application, petition or complaint." The appellant's application herein specifically alleges a right of his union to relief arising out of the transaction involved but, in disregard of the rule, he failed to join said union or a representative member thereof as a party plaintiff or defendant. Therefore we hold that the union's right to recover the money it paid out in connection with the transaction here in controversy was not presented to the board for decision and the board had no duty to find the facts and make an award in reference thereto.

Cause remanded to the Industrial Board for further proceedings in conformity with this decision.

NOTE.—Reported in 139 N. E. 2d 566.