**SEARS ROEBUCK & CO., and Allstate Insurance Co., Appellants, Defendants Below,**

**v.**

**Michael E. MURPHY, Sr., Appellee, Plaintiff Below.**

**No. 93A02–8612–EX–442.**

Court of Appeals of Indiana, Third District.

Aug. 18, 1987.

Michael V. Gooch, Harrison & Moberly, Indianapolis, for appellants.

Frank A. Webster, Fort Wayne, for appellee.

## OPINION ON PETITION FOR REHEARING

STATON, Judge.

Sears petitions for rehearing of our opinion at 508 N.E.2d 825. On appeal, Sears contested Murphy's workmen's compensation award. We determined that Murphy's injury arose "out of" his employment at Sears, thereby entitling him to temporary total disability payments and to statutory medical expenses, but not to a permanent partial impairment award.

Because Provident, a non-party insurance carrier, had paid eighty percent (80%) of Murphy's medical expenses while litigation was pending, the Industrial Board ordered Sears to reimburse Provident the amounts it had paid. We held that this was error, and we remanded, directing the Board to make specific findings regarding what statutory medical expenses had been paid by

Provident and the amounts of those payments. We further directed the Board to enter an order and to award those amounts to Murphy.

Sears now contends that our holding is in error because Murphy no longer owes anyone for his medical expenses and because such an award would result in a double recovery for Murphy.[1] Sears argues that, in essence, we are determining Murphy's liability to Provident and that under *Inland Steel v. Almodovar* (1977), 172 Ind.App. 556, 361 N.E.2d 181, *trans. denied,* and *Rockwell International v. Byrd* (1986), Ind.App., 498 N.E.2d 1033, such a determination lies beyond the jurisdiction of the Board and this Court.

1. Sears construes the Court's holding as "an additional award measured by the amount of medical expenses previously paid by a non-party." Thus, Sears argues it results in "an unowed, unjustified windfall to [Murphy]...."

2. Sears argues that this provision of the Workmen's Compensation Act makes no reference to actual payment by an employer to anyone, but only requires an employer to "furnish or cause to be furnished" necessary medical treatment and supplies. ("Presumably, that could be accomplished by volunteer services of a doctor, by an employee's union providing them, or, indeed, by an employee's wife's employer's group carrier, so long as the doctor and care provided are provided without charge to the injured employee. There is clearly no statutory obligation for an employer to pay to the employee the amount of medical services already provided and paid for by a non-party.")

In interpreting a statute, we are to ascertain and give effect to the intent of the legislature. *Foremost Life Ins. Co. v. Dep't of Ins.* (1980), 274 Ind. 181, 409 N.E.2d 1092, 1095. In determining the legislative intent, the language of the statute itself must be examined, including the grammatical structure of the clause or sentence in issue. If possible, effect and meaning must be given to every word, and no part of the statute is to be held meaningless if that part can be reconciled with the rest of the statute. *Id.,* 409 N.E.2d at 1096. Further, a statute is to be examined and interpreted as a whole, giving common and ordinary meaning to words used in the English language and not over-emphasizing a strict literal or selective reading of individual words. *Id.*

Therefore, to determine whether the words "furnish or cause to be furnished" refer to actual payment, it is necessary to look to other provisions of the Workmen's Compensation Act. IC 22–3–2–2 provides, in part: "Every employer ... *shall be required to comply with the provisions of IC 22–3–2 through IC 22–3–6* ...

However, Sears misconstrues our opinion. Our opinion was not premised upon our concern that Provident may at some point seek reimbursement from Murphy. Rather, it was premised upon Sears's liability to Murphy under the Workmen's Compensation Act, Ind.Code 22–3–2–1 et seq.

IC 22–3–3–4 provides:

... [T]he employer shall furnish or cause to be furnished, free of charge to the employee, an attending physician for the treatment of his injuries, and in addition thereto such surgical, hospital and nursing services and supplies as the attending physician or the industrial board may deem necessary....[2]

*respectively to pay ... compensation* for personal injury or death by accident arising out of and in the course of the employment...." (Emphasis added.)

IC 22–3–2–5 provides, in part: "Every employer who is bound by the compensation provisions of IC 22–3–2 through IC 22–3–6 ... *shall insure the payment of compensation* to his employees and their dependents ... and while such insurance ... remains in force, he or those conducting his business and his workmen's compensation carrier *shall be liable* to *any* employee and his dependents for personal injury or death by accident arising out of and in the course of employment...." (Emphasis added.)

IC 22–3–5–5 provides, in part: "... All policies of insurance companies and of reciprocal insurance associations insuring the payment of compensation under IC 22–3–2 through IC 22–3–6 *shall be conclusively presumed to cover all the employees and the entire compensation liability of the insured. Any provision in such policy attempting to limit or modify the liability of the company or association issuing the same shall be wholly void.* Every policy of any such company or association shall be deemed to include the following provisions ...:

(a) The insurer hereby assumes in full all the *obligations to pay....*

(b) This policy is made subject to IC 22–3–2 through IC 22–3–6 relative to the *liability of the insured to pay....*

(d) This insurer will promptly *pay....*" (Emphasis added.)

And, finally, IC 22–3–2–15 provides, in part: "No contract or agreement, ... no rule, regulation *or other device* shall, in any manner, operate to relieve any employer in whole or in part of any obligation created by chapters 2 through 6 of this article...." (Emphasis added.)

Thus, in light of the other provisions of the Workmen's Compensation Act cited above, it is

Indeed *Inland, supra,* and *Rockwell, supra,* are consistent with our holding. In *Inland,* the Board awarded medical compensation to the plaintiff, but did not reduce the award by the amount of payments already made by a non-party insurance company; this award was affirmed on appeal despite the result—a double recovery for plaintiff.[3]

In *Rockwell,* the employer claimed it was entitled to credit for payments made to an employee by another insurance company under a non-work related sickness and accident insurance policy.[4] The Court held that the Board is without jurisdiction to consider any form of employer credit against workmen's compensation benefits for payments made by someone other than the employer. *Id.* at 1040.

Sears is concerned that by awarding Murphy the statutory medical expenses[5] paid by Provident, Murphy will receive an "unowed, unjustified windfall." However, in *Jenkins v. Pullman Standard Car Mfg. Co.* (1957), 127 Ind.App. 173, 139 N.E.2d 566, the Court stated:

"... Should the [employer] be required to reimburse a third party, a stranger to this litigation, who voluntarily paid medical bills incurred by the appellant as a result of his injury? By the great weight of authority in actions against tort-feasors *an injured person is entitled to recover for medical services rendered him even if gratuitous, or paid for by a third party,* on the theory that, while such services or payment is a gift for his benefit, it is one of the elements of his injury and it is no concern of the tort-feasor that he has benefited by such gift. [Citation omitted.] It would seem at first blush that the elements of legal recovery, having in mind the liberal purposes of the Workmen's Compensation Act, should not be more restricted in cases before the Industrial Board than in the ordinary civil action for damages resulting from the negligence of another." (Emphasis added.)

*Id.,* 139 N.E.2d at 568.[6]

■ Our holding not only is mandated by statute and case law, but is supported by strong policy reasons. To hold otherwise would encourage employers to delay payment, waiting for a non-work-related insurance carrier to pay the employee's medical or other expenses. Then, in any subsequent action, the employer could argue that medical care had already been furnished and that its liability to its employee was extinguished.

Petition for rehearing is denied.

GARRARD, P.J., and CONOVER, J., concur.

---

clear the legislature intended for the employer and its workmen's compensation carrier to *pay* the claims, including the medical claims, of its employees who are injured or killed by accident arising out of and in the course of the employment.

In the absence of any provision granting an exception to those employers whose employees receive compensation elsewhere, Sears's argument that it need only make sure an employee's medical expenses are provided by someone is meritless.

3. However, the award was affirmed without prejudice to the employer's right, if any, or the right of the employer's workmen's compensation insurer, if any, to claim credit for payments previously made to plaintiff in whatever tribunal or agency might have jurisdiction. *Id.,* 361 N.E.2d at 188.

4. Despite claims to the contrary, that is precisely what Sears is asking for here.

5. Sears construes our holding as "an additional award measured by the amount of medical expenses previously paid by a non-party." However, Sears will only pay what it is required to pay by statute. Our holding specifically directed the Board to determine what *statutory medical expenses* had been paid by Provident and to award those amounts to Murphy.

6. It should be noted that in *Jenkins,* the appellant (employee) did not in fact recover the medical expenses paid for by his labor union solely because he did not seek to be reimbursed personally but rather sought that the labor union be given an award. However, the Court held that such an award could not be made where the labor union was not made a party to the action under the Board's Rule 7. The Court did not hold that the Board was *precluded* from making an award directly to the employee.