PUTNAMVILLE CORRECTIONAL
FACILITY, Appellant,

v.

Robin CHURCH, Appellee.

No. 67A04–0611–CV–658.

Court of Appeals of Indiana.

June 26, 2007.

Lisa M. Dillon, Due Doyle Fanning & Metzger, LLP, Indianapolis, IN, Attorney for Appellant.

James R. Stytle, Wernle Ristine & Ayers, Crawfordsville, IN, Attorney for Appellee.

## OPINION

FRIEDLANDER, Judge.

Putnamville Correctional Facility (Putnamville) appeals the Putnam Circuit Court's judgment enforcing an Award of the Indiana Worker's Compensation Board (the Board) in favor of Robin Church, pursuant to Ind.Code Ann. § 22–3–4–9(a) (West 2005). Putnamville presents the following restated issues for review:

1. Did the circuit court have jurisdiction under I.C. § 22–3–4–6(a) to render judgment on the Award when Church provided five days notice to Putnamville before filing a certified copy of the Award with the court but did not obtain an order from the Board to file said Award with the court?

2. Did the trial court improperly modify or interpret the Award?

We reverse and remand.

Church filed a worker's compensation claim against Putnamville, her employer, on November 28, 2001. Following a hearing before a single hearing member, the Board issued its Award in favor of Church on March 2, 2006. The Board ordered Putnamville, in pertinent part, to "pay for [Church's] statutory medical expense incurred as a result of the said accidental injury by paying them directly to the medical providers if they have not been paid ... or by reimbursing [Church] if [Church] has personally paid same." *Ap-*

*pendix* at 15. Neither party sought review by the Full Board.

A dispute eventually arose between the parties as to whether, pursuant to the Award, Church was entitled to recover medical expenses that had already been paid by her group health insurance.[1] As a result, on May 25, 2006, Church advised Putnamville that she intended to seek judicial enforcement of the Award if she did not receive payment as requested by May 30. Church filed her Petition for Enforcement of the Award with the circuit court on June 9, 2006, seeking reimbursement of her statutory medical expenses, including those sums paid by her group health insurance. Putnamville answered the petition on June 29 and argued, in part, that the petition should be dismissed on jurisdictional grounds because Church failed to obtain an order from the Board prior to seeking judicial enforcement of the Award. Following a hearing, the court entered judgment in favor of Church on October 17, 2006, ordering Putnamville to pay Church $23,531.16, plus statutory interest from April 27, 2006. Thereafter, Putnamville filed a motion to correct error and motion to reconsider, which the trial court denied. Putnamville now appeals.

## 1.

Putnamville initially argues the circuit court lacked jurisdiction because Church failed to obtain an order from the Board allowing her to file her petition for judicial enforcement of the Award. Church, on the other hand, claims I.C. § 22-3-4-9(a) required only that she provide Putnamville with five days notice prior to filing her petition. We cannot agree with Church.

The interpretation of a statute is a question of law. *In re Custody of G.J.*, 796 N.E.2d 756 (Ind.Ct.App.2003), *trans. denied.* "If a statute is unambiguous, that is, susceptible to but one meaning, we must give the statute its clear and plain meaning." *Bolin v. Wingert*, 764 N.E.2d 201, 204 (Ind.2002). In other words, when a statute is clear and unambiguous on its face, we may not interpret it. *Schafer v. Sellersburg Town Council*, 714 N.E.2d 212 (Ind.Ct.App.1999), *trans. denied.* "Additionally, language employed in a statute is deemed to have been used intentionally." *Id.* at 215.

I.C. § 22-3-4-9(a) provides:

*Upon order of the worker's compensation board made after five (5) days notice is given to the opposite party,* any party in interest may file in the circuit or superior court of the county in which the injury occurred a certified copy of . . . an order or decision of the board, or of an award of the full board unappealed from, or of an award of the full board affirmed upon an appeal, whereupon said court shall render judgment in accordance therewith and notify the parties. Such judgment shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though said judgment had been rendered in a suit duly heard and determined by said court.

(Emphasis supplied.) The plain language of the statute requires that, before judicial

---

1. On May 9, 2006, counsel for Putnamville faxed a letter to counsel for Church stating in part: "[The] language [of the Award] is very clear, my client is ordered to pay outstanding expenses directly to the providers and amounts paid personally by Ms. Church to her. My client was not ordered to pay medical expenses that have already been paid by

Ms. Church's group health carrier, and will not do so." *Id.* at 22. Putnamville then requested an itemization of medical expenses incurred reflecting amounts paid by health insurance, amounts personally paid by Church, and amounts outstanding to the providers.

enforcement of an award may be sought, the opposite party (here, Putnamville) must be given five days notice *and* the Board must issue an order allowing the petition to be filed with the court.[2]

In the instant case, while neither party disputes that Putnamville received adequate notice of Church's intention to seek judicial enforcement of the Award, it is clear that Church failed to obtain an order from the Board before seeking judicial enforcement. We must decline Church's veiled invitation to read this requirement out of the statute. Therefore, the circuit court was without jurisdiction to enforce the Award and should have granted Putnamville's motion to dismiss on that ground.

### 2.

While we need not decide the second issue presented upon appeal, we feel compelled to make some observations. First, the Award plainly provides that Putnamville is required to "pay for [Church's] statutory medical expense incurred as a result of the said accidental injury". *Ap-* *pendix* at 15. Further, while the payment mechanism provided in the Award may be ambiguous, Putnamville certainly does not have the right to unilaterally interpret it in its favor to avoid the lion's share of statutory medical expenses and then require Church to appeal to the Full Board if she does not agree with Putnamville's interpretation.

 Therefore, without deciding whether a court has authority to interpret (as opposed to modify)[3] an ambiguous Award or whether such interpretation is the exclusive authority of the Board, we simply caution Putnamville to more fully consider its position, which is clearly contrary to established case law. *See, e.g., Rockwell Int'l v. Byrd,* 498 N.E.2d 1033 (Ind.Ct. App.1986) (while Byrd's health insurance company may seek reimbursement from Byrd, "the Board was without jurisdiction to allow any form of credit for payment of these benefits against amounts awarded Byrd under terms of the Indiana Workers' Compensation Act").[4]

---

**2.** A handbook issued by the State underscores this point in explaining what should be done if an employer fails to pay an award:

> If a worker's compensation hearing member, the Full Board, the Court of Appeals, or the Indiana Supreme Court has made a final award or order in a case, and the employer/carrier does not pay as ordered, contact the Worker's Compensation Board immediately. On the employee's motion, the Board may issue a Five Day Order giving the employer/carrier five days in which to satisfy the award. Thereafter, the order becomes fully enforceable in civil court. The Board may forward a certified copy of the award to the circuit or superior court in the county in which the injury occurred for the purpose of pursuing collection from the employer/carrier. Ind.Code § 22–3–4–9.

Worker's Compensation Board of Indiana, *Guide to Indiana's Worker's Compensation,* http://www.in.gov/workcomp/attorneys/handbook/HANDBK2007.doc# Insolvency (last visited June 6, 2007).

**3.** It is undisputed that a court has no authority to modify an award or change its effect, as such jurisdiction lies exclusively with the Board. *See Cox v. Worker's Compensation Bd. of Indiana,* 675 N.E.2d 1053 (Ind.1996); *Kuhr v. Willan,* 90 Ind.App. 567, 169 N.E. 475 (1930).

**4.** Despite claims injured employee could receive double recovery, we have observed that the employer "will only pay what it is required to pay by statute." *Sears Roebuck & Co. v. Murphy,* 511 N.E.2d 515, 517 n. 5 (Ind.Ct.App.1987). We have further explained the policy behind the rule:

> Our holding not only is mandated by statute and case law, but is supported by strong policy reasons. To hold otherwise would encourage employers to delay payment, waiting for a non-work-related insurance carrier to pay the employee's medical or other expenses. Then, in any subsequent action, the employer could argue that medical care had already been furnished and

Judgment reversed and remanded with instructions to dismiss.

BAKER, C.J., and CRONE, J., concur.

that its liability to its employee was extinguished.

*Id.* at 517.